**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM LANIER ELLIS, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:08-cv-55-WKW-SRW** |
| | ) | |
| **TOMMY BOSWELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SPECIAL REPORT

COMES NOW Russell County Sheriff, Tommy Boswell, the Defendant in the above styled cause, and submits this Special Report to the Court.

## INTRODUCTION

On January 23, 2008, the Plaintiff filed his Complaint with this Court, naming as a Defendant Russell County Sheriff, Tommy Boswell.[1]  On January 2, 2008, the Court ordered this Defendant to file his Special Report, and on March 4, 2008, the Defendant filed a Motion for Extension of Time.  (Docs. 2, 6.)  On March 3, 2008, the Court granted the Motion for Extension of Time and Ordered the Special Report be filed not later than March 31, 2008.  (Doc. 6.)

## PLAINTIFF'S ALLEGATIONS

The Plaintiff's Complaint appears to allege claims for violation of his rights under the Eighth Amendment, as well as violations of various other rights under Alabama law, for deliberate indifference to his purported mental health, dental, and optical conditions, as well as for cruel and unusual punishment in the purported denial of recreation time.  (Doc. 1, p. 3.)  The

---

[1] On October 12, 2007, the Plaintiff filed a Complaint with this Court against other Defendants for similar claims. (3:07-cv-920-MHT-SRW, Doc. 1.)  Those Defendants have already filed their Special Report and Answer.  (3:07-cv-920-MHT-SRW, Docs. 38, 39.)

Plaintiff requests injunctive relief and an unspecified amount of monetary damages for "pain and suffering."  (Doc. 1, p. 4.)

## DEFENDANT'S RESPONSE TO PLAINTIFF'S ALLEGATIONS

The Defendant denies the allegations made against him by Plaintiff as being untrue and completely without basis in law or fact.  The Defendant denies that he acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled.   The Defendant raises the defenses of Eleventh Amendment immunity, absolute immunity, qualified immunity, the Prison Litigation Reform Act ("PLRA"), and additional defenses presented below. The Defendant reserves the right to add additional defenses if any further pleading is required or allowed by the Court.

## FACTS

The Plaintiff was arrested on October 5, 2006, pursuant to an alias warrant, for driving without a license.  (Exhibit A, Inmate Records of William Ellis, "Inmate Records," 10/05/06 Uniform Arrest Report; Exhibit B, Inmate Records, Alias Warrant.)[2]   The Plaintiff was later charged with driving with a suspended license.  (Exhibit C, Inmate Records, 10/11/06 Uniform Arrest Report.)  On February 20, 2007, a warrant was issued for the arrest of the Plaintiff on the charge of attempted murder, and on March 9, 2007, the warrant was executed on the Plaintiff in the Russell County Jail.   (Exhibit D, Inmate Records, 2/20/07 Warrant; Exhibit E, Inmate Records, 3/9/07 Uniform Arrest Report.)

### a.    The Plaintiff's medical treatment

A full account of the Plaintiff's medical treatment up to January 4, 2008, is available in the Defendants' Special Report and the attached exhibits in case number 3:07-cv-00920-MHT-

---

[2] The Plaintiff's entire inmate and medical files, as of January 4, 2008, have already been submitted to this Court as Exhibits A through H to Doc. 39 in case number 3:07-cv-00920-MHT-SRW.   The remainder of the Plaintiff's inmate and medical files as of March 18, 2008, were submitted as Exhibit I to Doc. 18 in case number 3:07-cv-1095.

SRW.  In summary, the Plaintiff entered the Russell County Jail with a ruptured disc in his back, and received continuous treatment, including numerous medications,[3] from Dr. Warr and the medical staff at the Russell County Jail.  (See, Exhibits A through H to Doc. 39, 3:07-cv-00920-MHT-SRW.)  The Plaintiff was also taken to see a neurologist, a chiropractor, and doctors at Summit Hospital for his back pains.  (See, Exhibits A through H to Doc. 39, 3:07-cv-00920-MHT-SRW.)  All these medical providers confirmed the ruptured disc in the Plaintiff's back and prescribed treatment and medications for that condition.  (See, Exhibits A through H to Doc. 39, 3:07-cv-00920-MHT-SRW.)

On January 22, 2008, the Plaintiff was transported to Auburn, Alabama, where he was seen by Dr. Wayne Warren for his lower back pains.  (Exhibit F, Medical Records of William Ellis, "Inmate Medical Records," 1/22/08 History and Physical; Exhibit G, Inmate Medical Records, 1/30/08 Email re: Plaintiff's surgery.)  Dr. Warren concluded that the Plaintiff had a herniated disc and degenerative disc disease and recommended that the Plaintiff either undergo extensive physical therapy and steroid treatment, or that he undergo back surgery.  (Inmate Medical Records, 1/22/08 History and Physical.)  The Plaintiff elected to undergo back surgery, and on January 31, 2008, the Plaintiff was transported to East Alabama Medical Clinic for back surgery.  ("Inmate Medical Records," 1/22/08 History and Physical; Exhibit H, Inmate Medical Records, Treatment Log for William Ellis, p. 10.)

During February of 2008, the Plaintiff was scheduled for an appointment with Dr. Rowe of the East Alabama Mental Health Center, but the Plaintiff refused to meet with Dr. Rowe.  (Exhibit I, Inmate Medical Records, 2/7/08 letter from East Alabama Mental Health Center.)  Since his back surgery, the Plaintiff has continued to see Dr. Warren and the physicians at

---

[3] These medications include Zantez, Phenobarbital, Naproxen, Tramadol, Buspar, Pseudophedrine, Effexor, Mirtazapine, Diphenhydramine, Lopressor, and Robaxin.  (See Exhibits A through H to Doc. 39, 3:07-cv-00920-MHT-SRW.)  The Plaintiff received these medications intermittently over the course of his incarceration at the Russell County Jail.

Summit Hospital for further treatment for his back condition. (Exhibit J, Inmate Medical Records, 2/29/08 letter from Dr. Warren and evaluation; Exhibit K, Inmate Medical Records, 3/12/08 Summit Hospital Radiology Consultation Report.) The Plaintiff never filed any medical request or grievance relating to any mental health, or dental, conditions. (See Exhibit I to Doc. Doc. 18 in case number 3:07-cv-1095; see also Exhibit L, Inmate and Medical Records from 3/1/08 to 3/28/08.[4]) He only filed one grievance regarding his prescription eye glasses. (Exhibit M, 1/20/08 Inmate Grievance Form.) That request was referred to the medical staff at the Russell County Jail. Almost every other medical request or grievance that the Plaintiff has filed relates in some way to his medication or back pain. (See Exhibits A through H to Doc. 39, 3:07-cv-00920-MHT-SRW; Exhibit I to Doc. 18 in case number 3:07-cv-1095, Inmate and Medical Records from 3/1/08 to 3/28/08; Exhibit N, Supplemental Inmate Records[5]; Exhibit O, Affidavit of Loetta Holland, "Holland Aff.," ¶ 12.)

### b. The Russell County Jail medical services policy

At all times relevant to the Plaintiff's Complaint, it was the policy of the Russell County Sheriff's Office that all inmates confined in the Russell County Jail are entitled to medical services as circumstances dictated and as deemed necessary by the nurses on call or the visiting physician for maintaining their physical and mental health. (Exhibit P, Affidavit of Thomas F. Boswell, "Boswell Aff.," ¶ 9; Holland Aff., ¶ 9.) Inmates in the Russell County Jail may receive medical treatment by requesting it through the medical request forms available to them, and the Plaintiff received medical treatment when he requested it. (Boswell Aff., ¶ 9; Holland Aff., ¶¶ 9, 12-13; see also, Exhibits A through H to Doc. 39, 3:07-cv-00920-MHT-SRW; Exhibit I to Doc.

---

[4] The Defendant has attached the remaining documents in the Plaintiff's inmate and medical files to this Special Report through March 28, 2008, as Exhibit J. Attached to the Special Reports in the Plaintiff's three actions before this Court, then, are all his inmate and medical records from the date of his incarceration through March 28, 2008.
[5] In the abundance of caution the Defendant submits in Exhibit N documents in the Plaintiff's inmate file dating from January 4, 2008, to March 28, 2008. The Defendant is not certain that these documents are not already part of an exhibit in one of the Plaintiff's three pending actions before this Court.

18 in case number 3:07-cv-1095, Inmate and Medical Records from 3/1/08 to 3/28/08.)  It the policy of the Russell County Jail that no member of the jail staff, or other Sheriff's Office employee, could ever summarily or arbitrarily deny an inmate's reasonable request for medical services.  (Boswell Aff., ¶ 10; Holland Aff., ¶ 10.)  All judgments regarding the necessity of medical treatment are left to a licensed health care practitioner.  (Boswell Aff., ¶ 10; Holland Aff., ¶ 10.)  The Russell County Jail employs a full-time Licensed Practical Nurse, Nurse Riley-Pelfrey, and Dr. Warr, who visits the Jail twice a week for inmate sick call.  (Holland Aff., ¶ 11.)

      **c.**      **The Russell County Jail exercise policy**

At all times relevant to the Plaintiff's Complaint, it has been the policy of the Russell County Jail that inmates be allowed outdoor recreation time when weather and security conditions permit.  (Boswell Aff., ¶ 5; Holland Aff., ¶ 4.)  Even when weather and security are not conducive for outdoor recreation, inmates are afforded an opportunity to exercise indoors in large day rooms, except when they are placed on lock-down or administrative segregation. (Boswell Aff., ¶ 6; Holland Aff., ¶ 6.)

      **d.**      **The Russell County Jail grievance policy**

It is the policy of the Russell County Jail that all inmates are permitted to submit grievances to the jail administration and that each grievance will receive a response.  (Boswell Aff., ¶¶ 7, 8; Holland Aff., ¶¶ 6, 7.)  Inmate grievance forms are made available to inmates upon request, and upon completion, they are delivered to the Jail staff, who will provide a response or forward the grievance to the Jail Administrator, who will issue a response.  (Boswell Aff., ¶¶ 7, 8; Holland Aff., ¶¶ 6, 7.)  Copies of all grievances are placed in the inmate's file.  (Boswell Aff., ¶ 8; Holland Aff., ¶ 7.)  With the exception of his lack of eye glasses, the Plaintiff has not filed a grievance, in accordance with the Russell County Jail grievance policy, regarding any of the allegations made in his Complaint.  (Holland Aff., ¶ 8.)

LAW

I.    **The Plaintiff's claims are barred because he has failed to comply with the provisions mandated by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA").**

    A.    **The Plaintiff has failed to exhaust all available administrative remedies.**

The claims alleged in the Plaintiff's Complaint are barred by the PLRA.  The Court's adherence to mandates of the PLRA is essential to ensure that the "flood" of frivolous claims for constitutional violations does not burden and hinder the Court's consideration of legitimate claims presented by pro se litigants.  See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) ("In an effort to stem the flood of prisoner lawsuits in federal court, Congress enacted the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ('PLRA').").  As the Supreme Court recently recognized in Jones v. Bock:

> Prisoner litigation continues to "account for an outsized share of filings" in federal district courts.  Woodford v. Ngo, 548 U.S. ----, ----, n.4, 126 S. Ct. 2378 (2006) (slip op., at 12, n.4).  In 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations.[footnote omitted]  Most of these cases have no merit; many are frivolous.  Our legal system, however, remains committed to guaranteeing that prisoner claims of illegal conduct by their custodians are fairly handled according to law.  The challenge lies in ensuring that the flood of nonmeritorious claims does not submerge and effectively preclude consideration of the allegations with merit.  See Neitzke v. Williams, 490 U.S. 319, 327 [] (1989).
>
> Congress addressed that challenge in the PLRA.  What this country needs, Congress decided, is fewer and better prisoner suits.  See Porter v. Nussle, 534 U.S. 516, 524, [] (2002) (PLRA intended to "reduce the quantity and improve the quality of prisoner suits").  To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good.  *Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit.*

127 S. Ct. at 914 (emphasis added).  Uniform adherence to all the provisions of the PLRA, especially the grievance exhaustion requirement, is mandatory for inmate litigants and the courts

to ensure that the federal judicial system can effectively "separate the wheat from the chaff" with regard to claims asserted by inmate litigants.

The first section of the PLRA provides:

*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted.*

42 U.S.C. § 1997e(a) (emphasis added). Under this provision of the PLRA, an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983, and the Court is precluded from granting relief to any plaintiff who has not exhausted *all* his administrative remedies. In Woodford v. Ngo, ___ U.S. ___; 126 S. Ct. 2378, 2382 (2006), the Supreme Court held, "Exhaustion is no longer left to the discretion of the district court, but is *mandatory*." See also Booth v. Churner, 532 U.S. 731, 739 (2001) ("Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."). However, as the Supreme Court recognized in Jones v. Bock, each prison sets its own parameters for what constitutes compliance with its grievance policy:

In Woodford, we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at ___, 126 S. Ct. 2378 [] – rules that are defined not by the PLRA, but by the prison grievance process itself…. The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

127 S. Ct. at 922-23.

Here, the Plaintiff has not filed any grievance regarding his treatment for any mental health, dental, or optical conditions, nor has he filed any grievance regarding his recreation time. The Plaintiff has not complied with the provisions of the Russell County Jail grievance policy, so he cannot be deemed to have exhausted all available administrative remedies available to him, as

is required by § 1997e(a) of the PLRA.  Therefore, any claims alleged in his Complaint are due to be dismissed.

> **B.    Plaintiff's claims are barred by the PLRA because he has not suffered any physical injury as a result of the allegations in his Amended Complaint.**

Regarding claims by inmates for mental or emotional damages, the Eleventh Circuit has held: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . .  In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002).  The Plaintiff requests monetary damages for "pain and suffering."  (Doc. 1, p. 3.)  However, the Plaintiff has made no showing of any physical injury whatsoever, much less a showing of a physical injury that is greater than *de minimis*. As a result, his Complaint is due to be dismissed under the provisions of § 1997e(e) of the PLRA.

> **II.    Alternatively, this Defendant is entitled to be dismissed based on absolute and qualified immunity.**

Additionally, the Plaintiff's claims are barred on two immunity grounds.  First, this Defendant is absolutely immune from any state law claim under Article I, § 14 of the Alabama Constitution of 1901 in both his official and individual capacities.  Second, in his individual capacity, this Defendant is entitled to qualified immunity to any federal claims.

> **A.    This Defendant is entitled to absolute immunity from any state law claims the Plaintiff may have asserted in his Complaint.**

To the extent that this Court construes the Plaintiff's Complaint as alleging any state law claims, the Defendant is absolutely immune from money damages under Article I, § 14 of the

Alabama Constitution of 1901.  Article I, § 14 of the Alabama Constitution of 1901 provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity."  This section grants the State and its agencies "absolute" immunity from suit in any court.  Ex parte Mobile County Dep't of Human Res., 815 So. 2d 527, 530 (Ala. 2001).  Section 14 immunity bars "almost every conceivable type of suit."  Hutchinson v. Bd. of Trustees of Univ. of Ala., 256 So. 2d 281, 283 (Ala. 1971).  Section 14 immunity is "nearly impregnable."  Patterson v. Gladwin Corp., 835 So. 2d 137, 142 (Ala. 2002).

Under the Alabama Constitution of 1901, sheriffs are executive officers of the State of Alabama.  See Alabama Constitution of 1901, art. V, § 112; Oliver v. Townsend, 534 So. 2d 1038, 1044 (Ala. 1988); Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991); see also McMillian v. Monroe County, 117 S. Ct. 1734 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties).  A sheriff's employees are legally an extension of the sheriff and are likewise considered officers of the State of Alabama.  See Ex parte Sumter County, 953 So. 2d 1235 1239-40 (Ala. 2006) citing Mosely v. Kennedy, 17 So. 2d 536, 537 (Ala. 1944) ("Deputies and jailers are alter egos of the Sheriff and are state employees."); Hereford, 586 So. 2d at 210.  Suits against Alabama sheriffs and their employees are therefore prohibited because they are suits against the State.  See Parker v. Amerson, 519 So. 2d 442, 446 (Ala. 1987); Hereford, 586 So. 2d at 210; Ex parte Haralson, 853 So. 2d 928, 932 (Ala. 2003).  This is true even when the sheriff is sued "individually, and as Sheriff."  Parker, 519 So. 2d at 445.

There are only limited exceptions to this immunity.  An Alabama sheriff is immune from suit

except for actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his

authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

Parker, 519 So. 2d at 443.  Accordingly, even in situations where sheriffs and their employees are sued for negligence or bad faith, the only exceptions to sovereign immunity allowed by the Alabama Supreme Court under Art. 1, § 14 of the Alabama Constitution of 1901, are to enjoin their conduct.  Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994).  With only these narrow exceptions, Alabama sheriffs and their deputies are immune from suit.  Ex parte Purvis, 689 So. 2d at 796; Ex parte Blankenship, 893 So.2d 303, 305 (Ala. 2004).

The Alabama Supreme Court has again affirmed that sheriffs and deputies enjoy absolute immunity to state law money damages claims.  Ex parte Davis, 930 So. 2d 497, 501 (Ala. 2005).  In Davis, the Conecuh County Circuit Court refused to grant a Conecuh County deputy's motion to dismiss state law money damages claims.  930 So. 2d at 499.  Plaintiff's claims against the deputy included false imprisonment, assault and battery, outrage, wantonness, negligence, trespass, and conversion.  Id.  Granting the deputy's petition for a writ of mandamus and instructing the circuit court to grant the motion to dismiss, the Alabama Supreme Court held that "an action against a sheriff – or a deputy sheriff – for damages arising out of the performance of his duties is essentially a suit against the state" and thereby barred under Article I, § 14 of the Alabama Constitution of 1901.  Id. at 501 (internal quotations and citations omitted).

Here, the Plaintiff has requested injunctive relief in his Complaint, but as discussed below he has received all the medical treatment to which he is entitled and then some.  All claims for monetary damages are likewise barred by the absolute immunity afforded this Defendant under Article I, § 14 of the Alabama Constitution of 1901.

**III.    All claims against this Defendant in his official capacity must fail based on Eleventh Amendment immunity and because he is not a "person" under 42 U.S.C. § 1983.**

The Plaintiff's claims against this Defendant in his official capacity are due to be dismissed for lack of subject matter jurisdiction; as such claims are barred by the Eleventh Amendment to the United States Constitution.  Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacity claims must fail because 42 U.S.C. § 1983 prohibits a *person*, acting under color of law, from depriving another of his rights secured by the United States Constitution.  42 U.S.C. § 1983 (emphasis added).  The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Any claims against the Defendant in his official capacity should therefore be dismissed because he is not a "person" under § 1983 and therefore claims against him in his official capacity fails to state a claim upon which relief can be granted.  Id.; Carr, 916 F.2d at 1525 n.3.

**IV.    Alternatively, this Defendant is entitled to qualified immunity in his individual capacity because nothing in his conduct crossed a "bright line" contour of clearly established constitutional law.**

Sheriff Boswell was acting within his discretionary authority as the Russell County Sheriff at all times relevant to the Plaintiff's Complaint because all his actions were taken in the

furtherance of his duties.  See, e.g., Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004).  All actions alleged in the Plaintiff's Amended Complaint are necessarily law enforcement activities.  Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001).  This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).

1.    **This Defendant did not violate the Plaintiff's federally protected rights.**

The Plaintiff has alleged violations of his constitutional rights under the Eighth Amendment for deliberate indifference to his purported mental health, dental, and optical conditions, as well as for cruel and unusual punishment in the purported denial recreation time.

a.    **Medical Treatment**

In order to prevail under 42 U.S.C. § 1983 on this claim, Plaintiff must demonstrate that Captain Arthur was deliberately indifferent to a "serious" medical condition, such that the Defendant's conduct constitutes an Eighth Amendment violation.[6]  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'") (citing Estelle v. Gamble, 429 U.S. 97, 103-04

---

[6] The Fourteenth Amendment analysis for a pretrial detainee, as the Plaintiff was during part of the time relevant to his allegations in the Complaint, is the same as an Eighth Amendment analysis.  See Andujar v. Rodriguez, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007) ("Claims of deliberate indifference to the serious medical needs of pretrial detainees are governed by the Fourteenth Amendment's Due Process Clause rather than by the Eighth Amendment's Cruel and Unusual Punishment Clause, which governs similar claims by convicted prisoners.  Lancaster v. Monroe County, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997).  Because "[w]e have held that the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner," we analyze Andujar's claim under the decisional law of both amendments. Id.").

(1976).  In <u>Estelle</u>, the Supreme Court stated:

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  *It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.*

429 U.S. at 105-06 (emphasis added).  <u>See also,</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence."). Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown.  <u>Hamm v. DeKalb County</u>, 774 F.2d 1567 (11th Cir. 1985).

An inmate does not have a right to a *specific* kind of treatment.  <u>City of Revere v. Massachusetts General Hosp.</u>, 463 U.S. 239, 246 (1983) (holding, "the injured detainee's constitutional right is to receive the needed medical treatment; *how [a municipality] obtains such treatment is not a federal constitutional question*.") (emphasis added).  Additionally, this Court should not substitute its medically untrained judgment for the professional judgment of the medical health professionals who treated Plaintiff.  <u>See</u> <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1035 (11th Cir. 1989) (observing that "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation"); <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1575 (11th Cir. 1985) (stating that the evidence showed the plaintiff received "significant" medical care while in jail, and although plaintiff may have desired different modes of treatment, care provided by jail did not constitute deliberate indifference), <u>cert. denied</u>, 475 U.S. 1096 (1986); <u>Westlake v. Lucas</u>, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (stating "Where a

prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments").

Here, the Plaintiff has received extensive medical care, the degree of which he likely would not have received outside the Russell County Jail. He has submitted no medical request form for any vision, dental, or mental health condition. The Complaint fails to allege any vision, dental, or mental health condition from which the Plaintiff may, in fact, be suffering, and even if it could be construed as alleging any such condition, it fails to describe any condition that could be considered serious. And despite the Plaintiff's failure to properly request mental health treatment, he was nevertheless provided such treatment, which he subsequently refused. The evidence before this Court reveals that the Plaintiff has been provided extensive medical care, most of which the Russell County Jail was not obligated to provide under § 1983, so the Plaintiff has failed to state any claim for deliberate indifference to a serious medical condition. Accordingly, the Plaintiff's deliberate indifference claim against this Defendant is due to be dismissed.

### b. Inmate Exercise

As the Supreme Court recognized in Bell v. Wolfish, 441 U.S. 520, 537 (U.S. 1979):

> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however … And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

441 U.S. at 537. See also, Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Jail officials must provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter, and medical care. Hudson v. Palmer, 468 U.S. 517, 526-527 (1984). "The Constitution does not require that prisoners be provided any and every amenity which some person may think is needed to avoid mental, physical, and emotional deterioration." Newman v.

14

*Alabama*, 559 F.2d 283, 291 (5th Cir. 1977), rev'd in part on other grounds, 438 U.S. 781 (1978).[7]    Only where the conditions complained of result in "unquestioned and serious deprivation of basic human needs" do they rise to a constitutional violation.  *Rhodes*, 452 U.S. at 347.  A claim is stated only where the conditions of confinement (including failure to protect claims) pose a serious risk to the health or safety of an inmate and the defendant official is deliberately indifferent to that risk.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

To establish a violation of his right to be free from inhumane conditions or treatment, Plaintiff is required to show that Defendant "intentionally imposed the restriction for a punitive purpose."  *Wilson v. Blankenship*, 163 F.3d 1284, 1291-92 (11th Cir. 1998) (citing *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)).  To establish that a confinement restriction is punitive in nature, Plaintiff must show that the restriction "'is not reasonably related to a legitimate goal -- if it is arbitrary or purposeless,'" in which case, "'a court may infer that the purpose of the government action is punishment.'"  *Wilson*, 163 F.3d at 1292 (quoting *Lynch v. Baxley*, 744 F.2d 1452, 1463 (11th Cir. 1984)).

The Eleventh Circuit has refused to afford relief to inmates for claims for inadequate exercise.  See *Bass v. Perrin*, 170 F.3d 1312, 1317 (11th Cir. 1999) (holding that "the complete denial to the plaintiffs of outdoor exercise, although harsh, did not violate the Eighth Amendment"); *Wilson v. Blankenship*, 163 F.3d 1284, 1292 (11th Cir. 1998) ("Under the analysis prescribed by *Bell*, there is no evidence whatsoever in the record that Wilson or any other inmate at MCJ was denied outdoor exercise by Blankenship or Hall as punishment.") (emphasis added).  The Fifth Circuit reached a similar conclusion in *Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir. 1981) (en banc) (holding that, under *Bell*, the Plaintiff had not

---

[7] See *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (decisions of the Fifth Circuit handed down before close of business on September 30, 1981 are binding precedent on the Eleventh Circuit).

stated a claim for violation of his constitutional rights for the absence of outdoor exercise because it was not denied as punishment).

Here, the Plaintiff has not been denied recreation as a form of punishment. Rather, like all other inmates, he is allowed outdoor recreation when weather and security conditions permit. And when he is not locked down or placed in administrative segregation, the Plaintiff can avail himself of all the indoor recreation he desires. Accordingly, the Complaint fails to state any claim against this Defendant for violation of the Plaintiff's Eighth Amendment rights in the denial of outdoor recreation, and that claim is due to be dismissed.

<strong>2.    No case law placed this Defendant on notice that his conduct would violate Plaintiff's "clearly established" federal rights.</strong>

Even had the Plaintiff successfully stated a constitutional violation, he still bears the burden of showing that the state of the law provided the Defendant with "fair warning" that his conduct would violate the Plaintiff's "clearly established" federal rights. <u>Willingham v. Loughnan</u>, 321 F.3d 1299, 1301 (11th Cir. 2003). In determining whether the conduct of the Defendant was clearly established as violating the Plaintiff's constitutional rights, the reviewing court must examine the state of the law at the time the alleged deprivation occurred. <u>See</u> <u>Rodgers v. Horsley</u>, 39 F.3d 308, 311 (11th Cir. 1994).

A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987); <u>Lancaster</u>, 116 F.3d at 1424. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." <u>Storck v. City of Coral Springs</u>, 354 F.3d 1307, 1318 (11th Cir. 2003), 354 F.3d at 1318 (quoting 28 F.3d at 1149). As the Eleventh Circuit has explained, "[a] plaintiff cannot

rely on . . . 'broad legal truisms' to show that a right is clearly established. . . . '[i]f case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.'" Kelly v. Curtis, 21 F.3d 1544, 1550 (11th Cir. 1994) (reversing denial of qualified immunity as to some defendants) (quoting Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1992)). "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose," here, the Alabama Supreme Court. Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Neither the United States Supreme Court, nor the Eleventh Circuit, nor the Alabama Supreme Court has held a Sheriff liable under 42 U.S.C. § 1983 for deliberate indifference to an inmate's medical conditions when that inmate received extensive medical treatment inside and outside the county jail. The Eleventh Circuit has recognized a cause of action for deliberate indifference, where an inmate can establish that the deprivation alleged must be, "'objectively, sufficiently serious' enough to support an Eighth Amendment claim." Caffey v. Limestone County, 243 Fed. App'x 505, 509 (11th Cir. 2007) (quoting Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006)) (unreported decision). However, no cases in this Circuit have held a Sheriff liable for deliberate indifference where an inmate has received medical treatment for injuries that were not serious. Therefore, this Defendant cannot be deemed to have violated Plaintiff's "clearly established" rights under the existing case law.

Likewise, neither the United States Supreme Court, nor the Eleventh Circuit, nor the Alabama Supreme Court has held a Sheriff violated an inmate's Eighth Amendment rights in the denial of outdoor recreation. Rather, as the Eleventh Circuit has held, an inmate does not have an unqualified right to outdoor recreation. And, where, as here, outdoor recreation was not denied to any inmate as a form of punishment, but was available when weather and

17

security conditions permitted, there can be no Eighth Amendment infraction.  No cases in this Circuit have held a Sheriff liable for the denial of outdoor recreation where there was a legitimate penological interest in denying it and alternative indoor recreation was available. Therefore, this Defendant cannot be deemed to have violated Plaintiff's "clearly established" rights under the existing case law.

> **3.    The text of the constitutional provisions that Plaintiff alleges were violated do not on their face prohibit the Defendant's conduct.**

The Eleventh Circuit has recognized an alternate method for establishing that the Defendant had notice that his conduct was unlawful.  Accordingly, even where the Plaintiff cannot demonstrate that the case law provides the Defendant notice that his conduct violates Plaintiff's constitutional rights, as is the case here, he can establish that the Defendant still had "fair warning" of the constitutional deficiencies of his conduct from the text of the constitutional provision in question. In such a case, Plaintiff must either demonstrate that the pertinent federal statute or federal constitutional provision is specific enough on its face to prohibit the Defendant's conduct as unconstitutional, even in the total absence of case law.  Storck, 354 F.3d at 1317.  The Eleventh Circuit has identified the latter method as an "obvious clarity" case.  Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted).  To establish this case as an "obvious clarity" case, Plaintiff must show that "the words of the pertinent federal statute or federal constitutional provision" establishing the federal right allegedly violated are "specific enough to establish clearly the law applicable to particular conduct" such that "case law is not needed to establish that the conduct cannot be lawful."  Vinyard, 311 F.3d at 1350.

No text of any Amendment implicated by the allegations of the Amended Complaint prohibits the conduct of the Defendant in this case as unconstitutional.  Even if the Plaintiff had alleged conduct that violated his constitutional rights, neither the relevant bodies of case law nor

the text of the relevant constitutional provisions would have put this Defendant on notice that his conduct would have violated the Plaintiff's constitutional rights.

**V.   The Plaintiff has failed to allege personal involvement as required by 42 U.S.C. § 1983.**

In order to establish a constitutional violation for conduct under § 1983, the Plaintiff must allege personal involvement on behalf of the Defendant.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the Defendant and the constitutional deprivation.  Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995).  The requisite causal connection may be shown by the personal participation of the Defendant, a policy established by the Defendant resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury.  Zatler v. Wainwright, 802 F. 2d 397 (11th Cir. 1986).

Plaintiff has failed to allege that Sheriff Boswell was in any way personally involved in the allegations surrounding the Plaintiff's deliberate indifference claims.  The Plaintiff has offered no allegation demonstrating that this named Defendant was in any way involved in the conduct that the Plaintiff alleges is unconstitutional.  There are absolutely no facts in the record to show that the Defendant personally participated in the circumstances surrounding the Plaintiff's claims, nor does the Plaintiff allege specifically how the Defendant violated his constitutional rights.

The Eleventh Circuit in Hartley v. Parnell, 193 F.3d 1263 (11th Cir. 1999), established exactly what is required to state a claim (or prove) supervisory liability:

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.  The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.  The deprivations that constitute widespread abuse sufficient to notify the supervising official must be "obvious, flagrant, rampant and of continued duration, rather than isolated

occurrences." <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted).

193 F.3d at 1269. The causal connection may also be established where the supervisor's improper "custom or policy . . . result[s] in deliberate indifference to constitutional rights." <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495 (11th Cir. 1991) (citing <u>Zatler v. Wainwright</u>, 802 F.2d 397 (11th Cir. 1986)). In light of the applicable law, Plaintiff's allegations are insufficient to create liability on the part of the Defendant. As such, all the Plaintiff's claims against Sheriff Boswell are due to be dismissed.

**VI.    There is no *respondeat superior* liability under 42 U.S.C. § 1983.**

Because the Plaintiff's Complaint contains no allegations demonstrating that Sheriff Boswell was in any way involved in the actions he claims were constitutionally infirm, the Plaintiff's § 1983 claim is based upon nothing more than *respondeat superior* and fails to state a claim for which relief may be granted against the Defendant. Neither the express language of § 1983 nor the holdings of the United States Supreme Court support liability on this basis.

42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, ***subjects, or causes to be subjected***, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

(Emphasis added.) The language of the statute requires that there be a direct causal link between plaintiff and the actions of a putative defendant. Merely employing an individual who causes harm is insufficient to invoke the remedy of this statute. <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978) (holding in light of the explicit text of § 1983 that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). Because the claims against Sheriff Boswell are based solely on a theory of vicarious liability, they are due to be dismissed.

## VII.    Summary Judgment Standard

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant.  Greason v. Kemp, 891 F.2d 829, 831 (11th Cir. 1990).  However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit.  See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).  "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'"  Reeves, 530 U.S. at 151 (quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299).[8]  "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'"  Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc), quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

## CONCLUSION

Russell County Sheriff Tommy Boswell denies each and every allegation made by the Plaintiff, William Ellis, in his Complaint.  This Defendant has not acted in a manner so as to deprive the Plaintiff of any right to which he is entitled.

---

[8] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'"  Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Respectfully submitted this 31st day of March, 2008.

**s/Joseph L. Hubbard, Jr.**
JOSEPH L. HUBBARD, JR. (HUB015)
Attorney for Sheriff Boswell
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail:  jhubbard@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and sent notification of such filing by placing a copy of the same in the United States Mail, postage prepaid, to the following:

William Lanier Ellis, Sr.
c/o Russell County Jail
Post Office Box 640
Phenix City, Alabama  36868

**s/Joseph L. Hubbard, Jr.**
OF COUNSEL

# Exhibit A

10/05/06 Uniform Arrest Report

# ALABAMA UNIFORM ARREST REPORT

| Fingerprinted | Photographed |
|---|---|
| ① Yes | ① Yes |
| ② No | ② No |

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

## IDENTIFICATION

| 1 ORI # | 2 AGENCY NAME | 3 CASE # | 4 SFX |
|---|---|---|---|
| 05200000 | PHENIX CITY POLICE DEPARTMENT | 06PC30254 | |

| 5 LAST, FIRST, MIDDLE NAME | 6 ALIAS AKA |
|---|---|
| ELLIS WILLIAM | |

| 7 SEX | 8 RACE | 9 HGT. | 10 WGT. | 11 EYE | 12 HAIR | 13 SKIN | 14 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ① M ② F | ① W ② B ③ A | 602 | 180 | BRO | BRO | FAIR | ⑤ SCARS | ⑦ MARKS | ⑧ TATOOS | ⑨ AMPUTATIONS |

| 15 PLACE OF BIRTH (CITY, COUNTY, STATE) | 16 SSN | 17 DATE OF BIRTH | 18 AGE | 19 MISCELLANEOUS ID # |
|---|---|---|---|---|
| Columbus, GA | 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 | 05/09/1970 | 36 | |

| 20 SID # | 21 FINGERPRINT CLASS | KEY | MAJOR | PRIMARY | SCDV | SUB-SECONDARY | FINAL | 22 DL # | 23 ST |
|---|---|---|---|---|---|---|---|---|---|
| | HENRY CLASS | | | | | | | | |
| 24 FBI # | NCIC CLASS | | | | 25 IDENTIFICATION COMMENTS | | | | |

| 26 ☒ RESIDENT ☐ NON—RESIDENT | 27 HOME ADDRESS (STREET, CITY, STATE, ZIP) | 28 RESIDENCE PHONE | 29 OCCUPATION (BE SPECIFIC) |
|---|---|---|---|
| | 248 GRANT RD PHENIX CITY AL 36867 | (334) 448-6279 | UNEMPLOYED |

| 30 EMPLOYER (NAME OF COMPANY/SCHOOL) | 31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP) | 32 BUSINESS PHONE |
|---|---|---|
| Computers | | |

## ARREST

| 33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP) | 34 SECTOR # | 35 ARRESTED FOR YOUR JURISDICTION? ☐ YES ☒ NO |
|---|---|---|
| 1111 BROAD ST PHENIX CITY AL | | ① IN STATE ② OUT STATE ③ OTHER AGENCY |

| 36 CONDITION OF ARRESTEE: | ① DRUNK | ② SOBER | 37 RESIST ARREST? | 38 INJURIES? | 39 ARMED? | 40 DESCRIPTION OF WEAPON | |
|---|---|---|---|---|---|---|---|
| | ③ DRINKING | ④ DRUGS | ① YES ☒ NO | ① OFFICER ② ARRESTEE | ① Y ☒ N | ① HANDGUN ② RIFLE ③ SHOTGUN | ④ OTHER FIREARM ⑤ OTHER WEAPON |

| 41 DATE OF ARREST | 42 TIME OF ARREST | 43 DAY OF ARREST | 44 TYPE ARREST | 45 ARRESTED BEFORE? |
|---|---|---|---|---|
| 10/05/06 | 1131 ① A.M. ② P.M. MIL. | | ① ON VIEW ② CALL ③ WARRANT | ① YES ② NO ③ UNKNOWN |

| 48 CHARGE—1 ☒ FEL ☐ MISD | 47 UCR CODE | 48 CHARGE—2 ☐ FEL ☐ MISD | 49 UCR CODE |
|---|---|---|---|
| ACTAS UR77 | | | |

| 50 STATE CODE/LOCAL ORDINANCE | 51 WARRANT # | 52 DATE ISSUED | 53 STATE CODE/LOCAL ORDINANCE | 54 WARRANT # | 55 DATE ISSUED |
|---|---|---|---|---|---|
| | CS1496 | 09 12 05 10 R | N/A | N/A | M D Y |
| | 0000000C | | | | |

| 56 CHARGE—3 ☐ FEL ☐ MISD | 57 UCR CODE | 58 CHARGE—4 ☐ FEL ☐ MISD | 59 UCR CODE |
|---|---|---|---|
| N/A | | N/A | |

| 60 STATE CODE/LOCAL ORDINANCE | 61 WARRANT # | 62 DATE ISSUED | 63 STATE CODE/LOCAL ORDINANCE | 64 WARRANT # | 65 DATE ISSUED |
|---|---|---|---|---|---|
| N/A | N/A | M D Y | N/A | N/A | M D Y |

| 66 ARREST DISPOSITION | 67 IF OUT ON RELEASE WHAT TYPE? | 68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME) |
|---|---|---|
| ① HELD ④ TOT—LE ② BAIL ⑤ OTHER ③ RELEASED | | None |
| | | 69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME) |

## VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |
|---|---|---|---|---|---|---|---|

| 78 VIN | 79 IMPOUNDED? ☐ YES ☐ NO | 80 STORAGE LOCATION/IMPOUND # |
|---|---|---|

| 81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED | ☐ CONTINUED IN NARRATIVE |
|---|---|

## JUVENILE

| 82 JUVENILE DISPOSITION: | ① HANDLED AND RELEASED ② REF. TO JUVENILE COURT | ③ REF. TO WELFARE AGENCY ④ REF. TO OTHER POLICE AGENCY | ⑤ REF. TO ADULT COURT | 83 RELEASED TO |
|---|---|---|---|---|

| 84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME) | 85 ADDRESS (STREET, CITY, STATE, ZIP) | 86 PHONE ( ) |
|---|---|---|

| 87 PARENTS EMPLOYER | 88 OCCUPATION | 89 ADDRESS (STREET, CITY, STATE, ZIP) | 90 PHONE ( ) |
|---|---|---|---|

## RELEASE

| 91 DATE AND TIME OF RELEASE | 92 RELEASING OFFICER NAME | 93 AGENCY/DIVISION | 94 ID # |
|---|---|---|---|
| 10 05 06 2201 ① AM ② PM MIL. | SPENCER PUGH | PHENIX CITY POLICE DEPT | 414 |

| 95 RELEASED TO: | 96 AGENCY/DIVISION | 97 AGENCY ADDRESS |
|---|---|---|
| | RCSO | 300 PROGRESS DR PHENIX CITY AL 36867 |

| 98 PERSONAL PROPERTY RELEASED TO ARRESTEE | 99 PROPERTY NOT RELEASED/HELD AT: | 100 PROPERTY # |
|---|---|---|
| ① YES ② NO ③ PARTIAL | | |

| 101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE) |
|---|
| ON 10-05-06 SUBJECT WAS ARRESTED WITHOUT INCIDENT OR INJURY. |

| | LOCAL USE |
|---|---|

| 102 SIGNATURE OF RECEIVING OFFICER | 103 SIGNATURE OF RELEASING OFFICER | STATE USE |
|---|---|---|
| C. Gordon 22:02 10-5-06 | | |

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED NARRATIVE |
|---|---|---|---|---|---|---|---|

| 111 ARRESTING OFFICER (LAST, FIRST, M.) | 112 ID # | 113 ARRESTING OFFICER (LAST, FIRST, M.) | 114 ID # | 115 SUPERVISOR | 116 WATCH CMDR. |
|---|---|---|---|---|---|
| Pugh | 414 | | N/A | ID # | ID # |

## TYPE OR PRINT IN BLACK INK ONLY

ACJIC—34 REV. 10-90

# Exhibit B

Alias Warrant

LYE.21:29 10/05/2006 8569474
QH.AL0570010.LYE.


***** WANTED PERSON FILE *****
MISDEMEANOR WARRANT
WILL ONLY EXTRADITE FROM ADJACENT COUNTIES OF  BARBOUR,BULLOCK,DALE,HENRY,PIKE,R
USSELL
MKE/WANTED PERSON
ORI/AL0060100
NAM/ELLIS,WILLIAM L  SEX/M  RAC/W
DOB/19710509
HGT/601  WGT/180  EYE/BRO  HAI/BRO
SOC/255319737
AIN/30145958  OCA/TR0102772
OOC/FAILURE TO APPEAR
WNO/020000080  DOW/20020208
MIS/DRIVING W/O OBTAINING DRIVERS LICENSE
DTE/20060624  DTM/20060914
VLN/ATKINS,SHERRY  VLD/20060914
ORI IS AL0060100 - EUFAULA POLICE DEPT
TEL/3346871200   ALT TEL/3346871201
FAX/3346871205
***** IMMED CONFIRM WITH ORI *****
***END OF RESPONSE***

SEQ # 0073 MRI # 8569474

# Exhibit C

## 10/11/06 Uniform Arrest Report

| DOMESTIC VIOLENCE | ALABAMA UNIFORM ARREST REPORT | ☑ Yes ☑ Yes |
| DUAL ARREST ☐ | | ☐ No ☐ No |

**OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION**

| 3 CASE # | 4 SFX |

## IDENTIFICATION

**1 ORI #** 057,0000 Russell County Sheriff Dept   **2 AGENCY NAME**   **SJAB AKA**

**5 LAST, FIRST, MIDDLE NAME** Ellis William Lanier

| 7 SEX M | 8 RACE W | 9 HGT. 602 | 10 WGT. 180 | 11 EYE BrO | 12 HAIR BrO | 13 SKIN | 14 | ☐ SCARS | ☑ MARKS | ☐ TATTOOS | ☐ AMPUTATIONS |

**15 PLACE OF BIRTH (CITY, COUNTY STATE)** Columbus, Muscogee GA   **16 SSN** 21601-231-9121   **17 DATE OF BIRTH** 05/89/70   **18 AGE** 36   **19 MISCELLANEOUS ID #**

**20 SID #**   **21 FINGERPRINT CLASS**  KEY  MAJOR  PRIMARY  SCDY  SUB-SECONDARY  FINAL   **22 DL #**   **23 ST**

**24 FBI #**   HENRY CLASS / NCIC CLASS   **25 IDENTIFICATION COMMENTS**

**26 ☐ RESIDENT ☑ NON-RESIDENT**   **27 HOME ADDRESS (STREET, CITY, STATE, ZIP)** 24-R Gqunt Rd Phenix City AL 36869   **28 RESIDENCE PHONE ( )**   **29 OCCUPATION (BE SPECIFIC)**

**30 EMPLOYER (NAME OF COMPANY/SCHOOL)** N/A   **31 BUSINESS ADDRESS (STREET, CITY, STATE, ZIP)** N/A   **32 BUSINESS PHONE ( )**

## ARREST

**33 LOCATION OF ARREST (STREET, CITY, STATE, ZIP)** Russell County Jail AL   **34 SECTOR #**   **35 ARRESTED FOR YOUR JURISDICTION? ☑ YES ☐ NO**  ☑ IN STATE  ☐ OUT OF STATE AGENCY

**36 CONDITION OF ARRESTEE:** ☐ DRUNK ☐ SOBER ☑ DRINKING ☐ DRUGS   **37 RESIST ARREST?** ☐ YES ☑ NO   **38 INJURIES?** ☑ NONE ☐ OFFICER ☐ ARRESTEE   **39 ARMED?** ☐ Y ☑ N   **40 DESCRIPTION OF WEAPON** ☐ HANDGUN ☐ OTHER FIREARM ☐ RIFLE ☐ OTHER WEAPON ☐ SHOTGUN  N/A

**41 DATE OF ARREST** 11/01/06   **42 TIME OF ARREST** 1600 ☐ AM ☑ MX ☑ PM   **43 DAY OF ARREST** S M T W T F S / 1 2 3 4 5 6 7   **44 TYPE OF ARREST** ☑ ON VIEW ☐ CALL ☐ WARRANT   **45 ARRESTED BEFORE?** ☐ Y ☐ N ☑ UNKNOWN

**46 CHARGE — 1** ☐ FEL ☑ MISD  FTA (Drive w/Suspended)   **47 UCR CODE**   **48 CHARGE — 2** ☐ FEL   **49 UCR CODE**

**50 STATE CODE/LOCAL ORDINANCE**   **51 WARRANT #**   **52 DATE ISSUED** M D Y   **53 STATE CODE/LOCAL ORDINANCE**   **54 WARRANT #**   **55 DATE ISSUED** M D Y

**56 CHARGE — 3** ☐ FEL ☑ MISD   **57 UCR CODE**   **58 CHARGE — 4** ☐ FEL ☑ MISD   **59 UCR CODE**

**60 STATE CODE/LOCAL ORDINANCE**   **61 WARRANT #**   **62 DATE ISSUED** M D Y   **63 STATE CODE/LOCAL ORDINANCE**   **64 WARRANT #**   **65 DATE ISSUED** M D Y

**66 ARREST DISPOSITION** ☑ HELD ☐ BAIL ☐ RELEASED ☐ TOT—LE ☐ OTHER   **67 IF OUT ON RELEASE WHAT TYPE?**   **68 ARRESTED WITH (1) ACCOMPLICE (FULL NAME)**   **69 ARRESTED WITH (2) ACCOMPLICE (FULL NAME)**

## VEHICLE

| 70 VYR | 71 VMA | 72 VMO | 73 VST | 74 VCO TOP BOTTOM | 75 TAG # | 76 LIS | 77 LIY |

**78 VIN**   **79 IMPOUNDED?** ☐ YES ☐ NO   **80 STORAGE LOCATION/IMPOUND #**

**81 OTHER EVIDENCE SEIZED/PROPERTY SEIZED**   ☐ CONTINUED IN NARRATIVE

## JUVENILE

**82 JUVENILE DISPOSITION:** ☐ HANDLED AND RELEASED ☐ REF. TO JUVENILE COURT ☐ REF. TO WELFARE AGENCY ☐ REF. TO OTHER POLICE AGENCY ☐ REF. TO ADULT COURT   **83 RELEASED TO**

**84 PARENT OR GUARDIAN (LAST, FIRST, MIDDLE NAME)**   **85 ADDRESS (STREET, CITY, STATE, ZIP)**   **86 PHONE ( )**

**87 PARENTS EMPLOYER**   **88 OCCUPATION**   **89 ADDRESS (STREET, CITY, STATE, ZIP)**   **90 PHONE ( )**

## RELEASE

**91 DATE AND TIME OF RELEASE** M D Y : ☐ AM ☐ PM ☐ MIL.   **92 RELEASING OFFICER NAME**   **93 AGENCY/DIVISION**   **94 ID #**

**95 RELEASED TO**   **96 AGENCY/DIVISION**   **97 AGENCY ADDRESS**

**98 PERSONAL PROPERTY RELEASED TO ARRESTEE** ☐ YES ☐ NO ☐ PARTIAL   **99 PROPERTY NOT RELEASED/HELD AT:**   **100 PROPERTY #**

**101 REMARKS (NOTE ANY INJURIES AT TIME OF RELEASE)**

LOCAL USE / STATE USE

**102 SIGNATURE OF RECEIVING OFFICER** Russell 10-11-06 1723   **103 SIGNATURE OF RELEASING OFFICER** William P Flynn

| MULTIPLE CASES CLOSED | 104 CASE # | 105 SFX | 106 CASE # | 107 SFX | 108 CASE # | 109 SFX | 110 ADDITIONAL CASES CLOSED ☐ NARRATIVE ☐ Y ☐ N |

**111 ARRESTING OFFICER (LAST, FIRST, M.)** Flynn, William P   **112 ID #** 5737   **113 ARRESTING OFFICER (LAST, FIRST, M.)**   **114 ID #**   **115 SUPERVISOR** ID #   **116 WATCH CMDR.**

**TYPE OR PRINT IN BLACK INK ONLY**   ACJIC — 34 REV. 7-04

# Exhibit D

2/20/07 Warrant

ALABAMA JUDICIAL INFORMATION SYSTEM

* * * IN THE DISTRICT COURT OF RUSSELL COUNTY * * *

AGENCY NUMBER:                          WARRANT NUMBER: WR 2007 000474.00
                                        OTHER CASE NBR:                    .

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT  COURT OF
RUSSELL COUNTY, ALABAMA, PERSONALLY APPEARED   INV DENNIS GREENE
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
BELIEVING, AND DOES BELIEVE THAT    WILLIAM LANIER ELLIS         DEFENDANT,
WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
NAMED COUNTY AND

DID ON OR ABOUT SEPTEMBER 28, 2006, WITH INTENT TO COMMIT THE CRIME OF
MURDER, (SECTION 13A-6-2 OF THE CODE OF ALABAMA) ATTEMPT TO COMMIT SAID
OFFENSE BY CHOKING JUDY DENICE CATCHINGS,
IN VIOLATION OF 13A-004-002                       OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

_____
COMPLAINANT'S SIGNATURE

# ORIGINAL

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 20 DAY OF FEBRUARY, 2007.

_____
JUDGE/CLERK/MAGISTRATE OF DISTRICT   COURT

CHARGES: ATTEMPT - MURDER      13A-004-002        F  FELONY

WITNESS FOR THE STATE

INV DENNIS GREENE/P.C.P.D./PHENIX CITY/36867

OPERATOR: DEB    DATE: 02/20/2007

# Exhibit E

3/9/07 Uniform Arrest Report

## IDENTIFICATION

| 1 ORI # | 2 Agency Name | 3 Case # |
|---|---|---|
| A L 0 5 0 0 0 0 | Russell County Sheriff's Dept. | |

5 Last, First, Middle Name: **Ellis, William Lamar**

6 Alias AKA

| 7 Sex | 8 Race | 9 Ethnicity | 10 Hgt | 11 Wgt | 12 Eye | 13 Hair | 14 Skin | 15 |
|---|---|---|---|---|---|---|---|---|
| M | B | ☐ Hispanic ☐ Other | 6-1 | 170 | Bro | Blk | | ☐ Scars ☐ Marks ☐ Tattoos ☐ Amputations |

| 16 Place of Birth (City County State) | 17 SSN | 18 Date of Birth | 19 Age | 20 Miscellaneous ID # |
|---|---|---|---|---|
| Columbus GA | 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 | 05 09 70 | 36 | |

| 21 SID # | 22 Fingerprint Class | Key | Major | Primary | SCDV | Sub-Secondary | Final | 23 DL# | 24 St |
|---|---|---|---|---|---|---|---|---|---|
| | Henry Class | | | | | | | | |
| 25 FBI # | NCIC Class | | | | | | 26 Identification Comments | | |

| 27 ☐ Resident ☑ Non-Resident | 28 Home Address (Street, City, State, Zip) 5832 East Hgts Drive Columbus GA | 29 Residence Phone ( ) | 30 Occupation (Be Specific) |
|---|---|---|---|

| 31 Employer (Name of Company/School) | 32 Business Address (Street, City, State, Zip) | 33 Business Phone ( ) |
|---|---|---|

## ARREST

| 34 Location of Arrest (Street, City, State, Zip) Russell County Jail | 35 Sector # | 36 Arrested for Your Jurisdiction? ☑ Yes ☐ No ☐ In State ☐ Out of State Agency |
|---|---|---|

| 37 Condition of Arrestee: ☐ Drunk ☐ Drinking | 38 Resist Arrest? ☐ Yes ☑ No | 39 Injuries? ☐ Officer ☐ Arrestee | ☐ Sober ☐ Drugs | 40 Armed? ☐ Y ☑ N | ☑ None | 41 Description of Weapon ☐ Handgun ☐ Rifle ☐ Shotgun | ☐ Other Firearm ☐ Other Weapon |
|---|---|---|---|---|---|---|---|

| 42 Date of Arrest 03 09 07 | 43 Time of Arrest 2030 ☐ AM ☐ PM | 44 Day of Arrest S M T W T ☑F S | 45 Type of Arrest? ☑ On View ☐ Warrant ☐ Call | 46 Arrested Before? ☑ Yes ☐ No ☐ Unknown |
|---|---|---|---|---|

| 47 Charge - 1 ☑ Fel ☐ Misd Attempted Murder | 48 UCR Code | 49 Charge - 2 ☑ Fel ☐ Misd Writ Of Arrest | 50 UCR Code |
|---|---|---|---|
| 51 State Code/Local Ordinance 13A-4-2 | 52 Warrant # 2007000474 | 53 Date Issued 02 20 07 | 54 State Code/Local Ordinance | 55 Warrant # 1996 000010 | 56 Date Issued 12 19 96 |

| 57 Charge - 3 ☐ Fel ☐ Misd | 58 UCR Code | 59 Charge - 4 ☐ Fel ☐ Misd | 60 UCR Code |
|---|---|---|---|
| 61 State Code/Local Ordinance | 62 Warrant # | 63 Date Issued | 64 State Code/Local Ordinance | 65 Warrant # | 66 Date Issued |

| 67 Arrest Disposition ☐ Held ☑ Bail ☐ Released | 68 If Out On Release What Type? ☐ Tot - LE ☐ Other | 69 Arrested with (1) Accomplice (Full Name) |
|---|---|---|
| | | 70 Arrested with (2) Accomplice (Full Name) |

## VEHICLE

| 71 VYR | 72 VMA | 73 VMO | 74 VST | 75 VCO | Top | 76 Tag # | 77 LIS | 78 LIY |
|---|---|---|---|---|---|---|---|---|
| | | | | | Bottom | | | |

| 79 VIN | 80 Impounded? ☐ Yes ☑ No | 81 Storage Location/Impound # |
|---|---|---|

82 Other Evidence Seized/Property Seized

## JUVENILE

| 83 Juvenile Disposition: | ☐ Handled and Released ☐ Ref. to Juvenile Court | ☐ Ref. to Welfare Agency ☐ Ref. to Other Police Agency | ☐ Ref to Adult Court | 84 Released To | ☐ Continued in Narrative |
|---|---|---|---|---|---|

| 85 Parent or Guardian (Last, First, Middle Name) | 86 Address (Street, City, State, Zip) | 87 Phone ( ) |
|---|---|---|

| 88 Parents Employer | 89 Occupation | 90 Address (Street, City, State, Zip) | 91 Phone ( ) |
|---|---|---|---|

## RELEASE

| 92 Date and Time of Release | ☐ AM ☐ PM | 93 Releasing Officer Name | 94 Agency/Division | 95 ID # |
|---|---|---|---|---|

| 96 Released To | 97 Agency/Division | 98 Agency Address |
|---|---|---|

| 99 Personal Property Released to Arrestee ☐ Yes ☐ No ☐ Partial | 100 Property Not Released/Held At: | 101 Property # |
|---|---|---|

102 Remarks (Note Any Injuries at Time of Release)

| 103 Signature of Receiving Officer Russell  3/9/07  2226 | 104 Signature of Releasing Officer | Local Use State Use |
|---|---|---|

| MULTIPLE CASES CLOSED | 105 Case # | 106 SFX | 107 Case # | 108 SFX | 109 Case # | 110 SFX | 111 MULTIPLE CASES CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|---|
| | 112 Arresting Officer (Last, First, M.) James Williamson | | 113 ID # 5711 | 114 Arresting Officer (Last, First, M.) | 115 ID # | 116 Supervisor ID # | 117 Watch Cmdr. ID # |

TYPE OR PRINT IN BLACK INK ONLY

# Exhibit F

1/22/08 History and Physical

# History and Physical

| | | | |
|---|---|---|---|
| **Patient Name:** | William Ellis | **Visit Date:** | January 22, 2008 |
| **Patient ID:** | 2967 | **Provider:** | Wayne L. Warren, Jr. MD |
| **Sex:** | Male | **Location:** | Auburn Neurosurgery PC |
| **Birthdate:** | May 9, 1970 | | |

## Chief Complaint

- Back and right leg pain

## History Of Present Illness

The patient is a 37 year old male seen in neurosurgical consultation at the request of his physician, Dr. Warr , for low back pain.

The pain developed acutely several months ago. It is extreme (9-10/10) , has an aching quality and radiates into the right L5 and S1 distribution. The pain has been constant and has been progressively worsening. The onset was associated with a fall. The pain tends to be maximal at no specific time, but waxes and wanes in severity throughout the day. The patient states the pain is aggravated by bending, carrying heavy objects, exercise, lifting, prolonged sitting, prolonged standing, and staying in one position for extended periods. No alleviating factors are reported.

He also reports right leg weakness. The patient's past medical history is detailed in the face sheet.

**RECENT INTERVENTIONS:**
He has been previously treated with chiropractic management, NSAIDs, pain medication, bedrest, and oral steroids. The chiropractic treatments were ineffective.

**INFORMATION REVIEWED:**
The following information was reviewed: radiology reports and images and referring physicians notes. The MRI of the lumbar spine revealed a herniated disc and degenerative disk disease. The herniated disc is at L4-5 on the right. The degenerative disc disease is present at L4-5.

## Past Medical History

| Disease Name | Date Onset | Notes |
|---|---|---|
| Anxiety | -- | -- |
| Asthma | -- | -- |
| High Blood Pressure | -- | -- |
| Seizure | -- | -- |
| Ulcer | -- | -- |

## Medication List

| Name | Date Started | Instructions |
|---|---|---|
| Lopressor Oral | | -- |
| Penbutolol Oral | | -- |
| Robaxin Oral Tablet 500 mg | | take 2 tablets (1,000mg) by oral route 4 times per day |
| Thorazine Oral | | -- |

## Allergy List

| Allergen Name | Reaction | Notes |
|---|---|---|
| PENICILLINS | -- | -- |

## Family Medical History

| Disease Name | Relative/Age | Notes |
|---|---|---|
| Family History: Back Problems | | -- |
| Family History: Cancer | | -- |
| Family History: Diabetes | | -- |
| Family History: Heart Disease | | -- |
| Family History: High Blood Pressure | | -- |
| Family History: Lung Disease | | -- |

## Social History

| Finding | Status | Start/Stop | Quantity | Notes |
|---|---|---|---|---|
| Completed some high school | -- | --/-- | -- | -- |
| Denies alcohol use | -- | --/-- | -- | -- |
| Married | -- | --/-- | -- | -- |
| Nonsmoker | -- | --/-- | -- | -- |
| Right handed | -- | --/-- | -- | -- |

## Review of Systems

**Constitutional**
- o **Admits** : weight loss/gain, loss of appetite
- o **Denies** : fever

**Eyes**
- o **Admits** : blurred vision, difficulty seeing
- o **Denies** : double vision

**HENT**
- o **Admits** : sinusitis
- o **Denies** : deafness, hoareness, vertigo

**Cardiovascular**
- o **Denies** : chest pain, palpitations, irregular heart beats, murmur

**Respiratory**
- o **Admits** : shortness of breath
- o **Denies** : wheezing, spitting blood, chronic cough

**Gastrointestinal**
- o **Admits** : abdominal pain
- o **Denies** : constipation, diarrhea, bleeding

**Genitourinary**
- o **Denies** : missed periods, dysuria, hesitancy, hematuria, incontinence

**Integument**
- o **Admits** : changes in moles
- o **Denies** : rash, lesions that do not heal

**Neurologic**
- o **Admits** : seizures, loss of balance/coordination, muscular weakness, memory difficulties, numbness, tingling, loss of sensation in arms or legs
- o **Denies** : paralysis, facial pain

**Musculoskeletal**
- o **Admits** : stiffness, joint pain, spine pain radiating to arm/leg
- o **Denies** : muscular wasting

**Endocrine**
- o **Admits** : excessive urination, heat/cold intolerance
- o **Denies** : excessive thirst

**Psychiatric**
- o **Admits** : depression, anxiety, hallucinations, difficulty sleeping

**Heme-Lymph**
- o **Denies** : anemia, bleeding tendencies, swollen nodes

**Allergic-Immunologic**
- o **Denies** : hives, eczema, itching

## Vitals

| Date | Time | BP | Position | Body Site | L\R | Cuff Size | HR | RR | TEMP(°C) | WT | HT | O2 Sat | HC |
|------|------|-----|----------|-----------|-----|-----------|-----|-----|----------|-----|-----|--------|-----|
| 01/22/2008 | 9:20:28 AM | 130/86 | Sitting | | | | 63 - R | | 36.7 | | | | |

## Physical Examination

**Constitutional**
- **Appearance** : well-nourished, well developed, alert, in no acute distress

**Cardiovascular**
- **Peripheral Vascular System** :
  - **Extremities** : no edema or cyanosis

**Lymphatic**
- **Neck** : no lymphadenopathy present

**Musculoskeletal**
- **Cervical Spine** :
  - **Inspection/Palpation** : no lesions or deformities, paraspinal musculature is nontender to palpation
  - **Range of Motion** : range of motion normal
- **Thoracic Spine** :
  - **Inspection/Palpation** : no lesions or deformities, paraspinal musculature is nontender to palpation
- **Lumbosacral Spine** :
  - **Inspection/Palpation** : no lesions or deformities, paraspinal musculature is tender to palpation
  - **Stability** : no subluxations present
  - **Range of Motion** : spine range of motion limited
  - **Muscle Strength/Tone** : paraspinal muscle strength and tone within normal limits
  - **Tests/Signs** : straight leg raise test negative bilaterally
- **Right Upper Extremity** :
  - **Inspection** : no tenderness to palpation
  - **Joint Stability** : shoulder, elbow and wrist joint stability normal
  - **Range of Motion** : range of motion normal, no joint crepitus or pain with motion present
- **Left Upper Extremity** :
  - **Inspection** : no tenderness to palpation
  - **Joint Stability** : shoulder, elbow and wrist joint stability normal
  - **Range of Motion** : range of motion normal, no joint crepitus present, no pain with joint motion
- **Right Lower Extremity** :
  - **Inspection** : no joint or limb tenderness to palpation, no edema present, no ecchymosis
  - **Joint Stability** : joint stability within normal limits
  - **Range of Motion** : range of motion normal, no joint crepitations present, no pain on motion
- **Left Lower Extremity** :
  - **Inspection** : no joint or limb tenderness to palpation, no edema present, no ecchymosis
  - **Joint Stability** : joint stability within normal limits
  - **Range of Motion** : range of motion normal, no joint crepitations present, no pain on motion

**Skin and Subcutaneous Tissue**
- **Neck** : no lesions or areas of discoloration
- **Extremities** :
  - **Right Upper Extremity** : no lesions or areas of discoloration
  - **Left Upper Extremity** : no lesions or areas of discoloration
  - **Right Lower Extremity** : no lesions or areas of discoloration
  - **Left Lower Extremity** : no lesions or areas of discoloration
- **Back** : no lesions or areas of discoloration

**Neurologic**
- **Mental Status Examination** :
  - **Orientation** : grossly oriented to person, place and time
- **Motor Examination** :
  - **RUE Strength** : strength normal
  - **RUE Motor Function** : tone normal, muscle bulk normal

[Digital Signature Validated]

- **LUE Strength** : strength normal
- **LUE Motor Function** : tone normal, muscle bulk normal
- **RLE Strength** : strength diminished in the dorsiflexors
- **RLE Motor Function** : tone normal, no atrophy
- **LLE Strength** : strength normal
- **LLE Motor Function** : tone normal, no atrophy
- o **Reflexes** :
  - **RUE** : biceps reflex 2+, triceps reflex 2+, brachioradialis reflex 2+
  - **LUE** : biceps reflex 2+, triceps reflex 2+, brachioradialis reflex 2+
  - **RLE** : knee reflex 2+, ankle reflex diminished, Babinski response negative
  - **LLE** : knee reflex 2+, ankle reflex 2+, Babinski response negative
- o **Gait and Station** : painful gait, unable to stand without difficulty
- o **Cerebellar Function** : normal

**Psychiatric**
- o **Mood and Affect** : mood normal, affect appropriate


## Assessment

- Degeneration of lumbar intervertebral disc 722.52
- Lumbar disc herniation, L4-5 722.10


## Plan

**Instructions**
- o I have discussed the risks and benefits of surgery versus physical therapy, epidural steroids, and other conservative forms of treatment.
- o I described the surgical procedure in detail, and advised them of the risks of bleeding requiring blood transfusion, risk of infection and intraoperative nerve damage that could result in persistent pain, weakness, numbness, bowel/bladder dysfunction, sexual dysfunction, and remote risk of death. I also explained that there is approximately a 5-8% risk of recurrent disc herniation at the same level and a 15% risk of epidural fibrosis. I estimate that there is a 70-80% chance that the symptoms will be resolved.
- o Given these options, the patient has verbally expressed an understanding of the risks of surgery and finds these risks acceptable. We will proceed with surgery as soon as possible.

**Disposition**
- o Surgery at EAMC
Right minimally invasive lumbar diskectomy and fusion L4-5(63047 and 22030)


**Electronically Signed by:** Wayne L. Warren, Jr. MD on January 30, 2008 06:18:09 PM

[Digital Signature Validated]

# Exhibit G

1/30/08 Email re: Plaintiff's surgery

Reply  Reply to all  Forward  X  Close  Help

*070309009*

You forwarded this message on 1/30/2008 10:54 PM.

Sent:  Wed 1/30/2008 4:57 PM

From:  Tina Riley

To:  Calvin Perry; Danny Bussey; Greg Thomas; Johnny Barnes; Loetta Holland; Michael San Nicolas; Pierce Moore; Tina Riley

Cc:

Subject:  J-3 WILLIAM ELLIS

Attachments:

View As Web Page

J-3 WILLIAM ELLIS IS SCHEDULED FOR OUTPATIENT SURGERY TOMORROW MORNING IN OPELIKA
AT THE EAST ALABAMA MEDICAL CENTER.
J-3 IS TO ARRIVE NO LATER THAN 0645 EST.

IMPORTANT:  J-3 WILLIAM ELLIS IS TO BE MOVED TO HOLDING CELL #2 AND IS NOT ALLOWED TO
HAVE ANYTHING TO EAT OR DRINK AFTER MIDNIGHT
                    TONIGHT.  PRIOR TO DEPARTING FROM THE JAIL, INMATE IS TO RECEIVE **ONLY** HIS
LOPRESSOR AND PHENOBARBITAL MEDICATION, THERE IS
                    PAPERWORK ON THE BOARD IN BOOKING THAT NEEDS TO BE SENT WITH THIS J-3.

NURSE RILEY=PELFREY

*randi.milner@alada.gov*

# Exhibit H

Treatment Log for William Ellis

| NAME: Ellis, William Lanier | D.O.B. 050970 RACE: W | SEX: M |
|---|---|---|

PRESENT MEDICATION: Phenobarb, Xanax, Methadone   SSN: 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

ALLERGIES: PCN

PPD:                                          HGT: 6'01"   WGT: 140# LBS.

HIV/VDRL:

| DATE/TIME | Bangiver?) Dr. Lucks: | 100%<br>V/S 146/91-73-18-96⁴ | NURSE SIGNATURE |
|---|---|---|---|
| 100606<br>1550<br>BS:98 | S: 36 Y/o wm states currently under pain management 4 ruptured disc in back; nerve damage @ leg; 2 pinched nerves in neck. Epileptic (1988) MVA closed head injury — brain stem shaken loose. Family Hx DM. Admits to being addicted to prescription medications. | ① Phenobarb in 3 days | |
| | A: VSS. | | |
| | P: Medical release faxed to CVS for prescription refill. Contacted Dr. Wall via phone in order to get orders | | |
| | Phenobarb 64.8mg qAM | | |
| | 32.4mg qPM | | |
| | Librium 25mg bid | | |
| | /o Wall / S Kelley RN CCHP | | |
| 10/07/06 | See another page | JME Innis RN | |
| 10/08/06 | "        " | JME Innis RN | |

| | |
|---|---|
| **NAME:** Ellis, William | **D.O.B.** 05-29-70  **RACE:** W  **SEX:** M |
| **PRESENT MEDICATION:** Numerous | **SSN:** 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 |
| **ALLERGIES:** PCN (Hives) | |
| **PPD:** | **HGT:** 6' 2"  **WGT:** 182 LBS. |
| **HIV/VDRL:** | 113/71 Pulse Ox 99% |

HR 76 Temp 98.7

| DATE/TIME | NURSE SIGNATURE |
|---|---|
| 10/07/06 6pm | S. 36 y/o WM married X 3 yrs. Father of 3 disabled 2° Rupt discs x3 seeking Disability x 4 yrs. prev emp factory y, DETOX Abuse methadone for pain. Baker cyst ad knees x 6 yrs @ surg 2° may make worse. Xanax 2mg 3x days 2° anxiety + panic attacks. Prison 1 y. x 19 mos) Released 3 yrs ago. Dr. Lucks PMD. MVA 8yo Multiple injuries. Resp x 7 days. 2° DTs 2° MVA ∅ driving since 92. Wife Chaem yecle support him + one child y his. Asthma albuteral inh. Here for child support ? amount. Begs Tylenol x2 for back pain |
| | O. VSS afebrile IM stable |
| | A. Multiple complaints back neck et @ Baker cysts. |
| | P. Dry space = boot bed Tylenol x2 prn See co next PRME ernst RN |
| 10/08/06 5:30pm WT 182 | S. C/o severe pain + begging for analgesia. O. BP 110/60 HR 74 More kept appear A. Withdrawal + drug seeking concerned bad fall See Dr. Wilms tomorrow |

Ellis, William

Ellis, William

| Date/Time | w 99-72-929 136/8 | Nurse Signature |
|---|---|---|
| 10/7/? | Stwer Jay after to Dr Burgum Troublesome; Prn. prn - X ) 14 Dys get report from Dr Stwe Stay Fichtas 320-9954. | |
| 10/09/06 8pm | addendum for 10/08/06. Brother phoned and demanded Ellis be placed on Methodone to stop his withdrawal sxs. Assured that he is in Librium + PB per orders of Dr Watr but methodone is allowed in facility. Threatened suit if anything happens to his brother. He also said he was here for 2 wks and he was given methodone per Dr Watr throughout his stay M Jarvis, RN | |
| 10/08/06 10.25pm | Brother called et was very irrate regarding J3 & receiving tramadol methodone. Reports he was assured that if it was delivered J3 would rec. Spoke c Mrs. Knowles (Chiefs assist) J3 brought to infirmary to discuss situation again. upholds brothers actions and he too insists brother received methodone here. Made numerous slanderous remarks regarding our doctor and his care here. Unable to locate tramadol. Gave Tylenol for + extra mat M Jarvis RN | |

Ellis, William

| Date/<br>Time | | Nurse<br>Signature |
|---|---|---|
| | V/S: 129/85 - 86 - 18 - 97² | |
| 102306<br>1040 | C/o cold symptoms / C/o ear and throat discomfort | |
| | ⓞ abscessed tonsil. | |
| | Doxy 100mg bid x **7** days | |
| | Claritin-D qd x 3 days | |
| | F/u in 10 days. | |
| | (* Admits has never been seen by an orthopedic physician for back) | |
| | cont on Rx in sick call | |
| | noted<br>102306 | |
| | V/S: 148/86 - 105 - 18 - 97⁵     98⁰ | |
| 110606<br>1235 | F/u: ? cotton / toilet paper ⓡ ear | |
| | tonsils looks much better this date. | |
| | - flush both ears | |
| | wax in ⓡ ear | |
| | cotton in ⓛ ear | |
| | Large amt of cotton / tissue removed | |
| | from ⓛ ear. | |
| 03/09/07 | Readm via Muscogee Co Jail (45 total | |
| | Brought Pb 60mg for 3x/day | |
| 03/10/07 | Started back on Pb 60mg 3x day | |
| | Ultram 50mg po      M E Ennis RN | |
| | V/S: 123/79 - 88 - 16 - 98°     99% | |
| 031207<br>1045<br>BS: 110 | Rebooked into facility. 36 y/o wm denies suffering | |
| | c any additional medical conditions other than | |
| | prior mention. Family hx DM. | |
| | HEENT: ⓞ<br>LUNGS: clear<br>HEART: NSR s @<br>AB: NT / BS x4<br>EX: good ROM / ⓞ edema<br>~~NEURO~~: WNL<br>SKIN: normal | - Contact Lee Co for medical<br>information.<br>Phenobarb 60mg bid<br>Naproxen 500mg qHS | |
| | V/S 159/99 - 93 - 16 - 97⁵     98% | |
| 041607<br>1250 | C/o problems c sinus | |
| | Cold combo bid x 5 days | |

Ellis William

| Date/ Time | | Nurse Signature |
|---|---|---|
| | v/s : 155/99 -100-18 - 96 ⁷ 100°⁸ | |
| 061107 12³⁰ | C/o continue back pain (Given blue mattress Friday 6/8/07 to assist on care. Ultram 50mg bid Obtain copy of MRI & CT Scan in 2005. ———— | |
| 062607 0930 | Moved to cell & bunk for C/o discomfort from sleeping on boat. | Palfrey Lowe AP |
| 1630 | Med - Care unable to locate consent form. Re- faxed. | Palfrey Lowe AP |
| 062807 0750 | Med - Care  322 - 2223  —  No answer | Palfrey Lowe AP |
| 0840 | Dr. Wau spoke c. office manager and was informed information will be faxed within the next few hours. | Palfrey Lowe AP |
| 1115 | Seen by Dr. Wau. Muscle rub to be given ↑ Naproxen 500mg bid | |
| | call Dr Lucko - 706 - 320 - 9959 | |
| 1355 | Chasity @ St. Francis Medical Records state 0 MRI done @ that hospital since 2000. Will fax radiology results on file. | Palfrey Lowe AP |
| 072407 | Transported to appt c̄ Dr. Caredo. | Palfrey Lowe AP |
| 8/10/07 | call to long about Nursing treated with East to count order ↑ to add Bun. Claritin D → qd × 3 Buspar 10mg ÷ HS | |

| Date/Time | | Nurse Signature |
|---|---|---|
| 071307 | Dr. Canedo | |
| 1000 | 7/24/07  1³⁰pm. | Jeffrey Long LPN NP |
| | | |
| 8/16/07 | cult 10 in banger about court order | |
| | to get Mental Health Eval. | |

Ellis, William

| Date/Time | | Nurse Signature |
|---|---|---|
| | 147/91 - 94-18-975  1007% | |
| 090607 1120 | C/o sore throat — Allergy —  lymph nodes swaller both sides neck  Sudafed ÷ qHS x 14 days  DC Buspar  Effexor XR 75mg ÷ qAm | |
| 092107 0830 | Refused Effexor XR 75mg stating too many side effects. Did not offer to explain symptoms or effects. | A. Palfrey Roscoe NP |
| 100907 | Contacted EAMH — ref. to intake. appts being scheduled for 2/08, requested to have one ASAP. To call back.  V/S: 145/99 – 81-16 – 965 | A. Palfrey Roscoe NP  100% |
| 101107 1255 | Discuss status of EAMH appt.  not able to get one at this time - will get one in soon as possible | |
| 102207 1135 | C/o swelling of throat  -broke out in ears  Cold combo bid x 5 days  Throat ... Tylet ... Rx for 5 days  Noted 102207 ZRD | V/S: 104/76 -106 -18 – 97°  100% |
| 111207 0935 | Continues to c/o back pain, states feels as though injury occurred when arrested when L/E placed knee in back during arrest.  DC Naproxen ↑ Tramadol HS 100mg  111407  8³⁰ Summit.  MRI - Lumbar/sacral  Chest expan. 1ast 3° P Surgery  poor insur left ... Surgery  no Rx needed at this time | |

Ellis William

| Date/ Time | V/s: 153/95 - 133-18-97 100% | Nurse Signature |
|---|---|---|
| 112607 1150 | F/u: MRI results | |
| | Chris R̄ → Progressive | |
| | Arbors - Pain is very worse | |
| | will try Flexeril → Am. Pain | |
| | changes transfer to → Am 1pm | |
| | Lorcesan. 100 mg. bid. | |
| 112707 1425 | Auburn Chiropractic Associates (334) 826-2254 (fax) | |
| | 9³⁰ CST Wednesday. Letter faxed — responsible for charges. — | Jeffrey Lawrence |
| 112807 0930 | Rec'd call from Dr. Hartford's office (Auburn Chiro.) to reschedule appt until Thurs. 11/29/07 @ 3pm. Called dispatch to have deputy return — s̄ √-3. — | Jeffrey Lawrence |
| 112907 1400 | Transported to appt @ Auburn Chiropractic. — | Jeffrey Lawrence |
| 120507 | Appt c̄ Dr. Tracy Hartford. F/u on 12/07/07. — | Jeffrey Lawrence |
| 12/07/07 1:00 | Appt Auburn Chiropractic - Dr. Tracy Hartford. | Jeffrey Lawrence |
| 12/10/07 | Transported to Auburn Chiropractic — refused treatment. | Jeffrey Lawrence |
| 121907 1030 (Jennifer) | Appt c̄ Dr. Warren — Auburn Al. (Jennifer) Bring MRI films to visit. (334) 821 - 0466 1/16/08 8²⁰ CST / 9²⁰ EST. | |

Ellis, William

| Date/Time | | Nurse Signature |
|---|---|---|
| | 10078  "b: 159|96-73-16-97²" | |
| 121707 1010 | F/u: Treatment of back problems | |
| | J-3 states Heat gives relief from pain; | |
| | request to have sinus' v·d | |
| | ✓ sinus drainage     — Cold combo bid | |
| | Procardia 10mg S/L given.    — replace decong. cap c̄ Benadryl 25mg | |
| | Agrees to be seen by neurosurgeon and also | |
| | to have surgery if recommended. | |
| | Dr. Lee Warren    821 - 0466 | |
| | [signature] | [signature] |
| 121807 1445 | BP 118/80. | [signature] |
| 121907 | Appt 1/16/08   9²⁰ Am. | [signature] |
| 010408 | copy of file prepared for Al nursing board for subpoena.    [signature] | |
| 01608 0915 | Due to misunderstanding of correct time rescheduled appt for 1/18/00 @ 10⁰⁰ Am. — | (AL · GA) [signature] |
| 1530 | Verified appt. → 10⁰⁰ Am EST. | [signature] |
| 011708 1720 | Given 6 Lidocaine back patches by I/m. Signing yet not using as prescribed by Dr. Wau. — | [signature] |
| 012208 0850 | Transported to appt c̄ Dr. Warren in Auburn, Al. | [signature] |
| 1045 | Ret·d from appt. | [signature] |
| 012808 0750 | ↑ Darvacet-N 100mg   ÷ qAM ī ÷ qHS | |
| 012908 1740 | Info to EAMC registration    [signature] | |

Ellis William

| Date/Time | | Nurse Signature |
|---|---|---|
| 013108 0730 | Was transported this AM to EAMC for back surgery. | Jeffrey Long LPNCCHP |
| 013108 1215 | Holding cell #2 cleaned and sanitized, blue mattress & clean sheets in place. | Jeffrey Long LPNCCHP |
| 1345 | Returned and placed in holding cell #2. Officer Schroeder sent to have Rx filled @ Stadium Pharmacy. | Jeffrey Long LPNCCHP |
| 1400 | Spoke c Dr. Wair in ref. to new Rx orders recvd Instructed to D/C Robaxin and Darvocet-N. ~ T/O Wair / Jeffrey Long LPNCCHP | |
| 013108 10PM | Up in Room. Reports O voided since 11PM last PM. Regs coffee | |
| 020108 1720 | Resting majority of day. Good appetite. — | Jeffrey Long LPNCCHP |
| | V/S: 136/86 - 99 - 16 - 97⁸  98⁸ | |
| 021408 0450 | F/U : back surgery "States can already tell difference in condition." · requesting to be taken out of medical observation and back to regular cell block. · Permission given to return to general population — Small incisions — Healing well / covered c bandaid @ this time. | |
| 021108 1145 | C/o Knot @ incision site O edema or redness noted @ site. | Jeffrey Long LPNCCHP |
| 022008 0930 | Appt c EAMH. | Jeffrey Long LPNCCHP |
| 1130 | Spoke c Dr. Wair via phone in ref. to I'm no longer has anymore Lortab or Flexeril. Instructed to start Zaluvir XR 96 prn pain #30 | |

# Exhibit I

2/7/08 letter from
East Alabama Mental Health Center



**EAST ALABAMA
MENTAL HEALTH-
MENTAL RETARDATION
CENTER**

*2-7-08*

*William Ellis
P.O. Box 640
Phenix City, AL 36868*

Dear: _William_ :

This is to remind you that you missed your appointment on _2/6/08_ with _Dr. Rowe_ .

I continue to be interested in working with you and have tried to reach you by phone to offer any assistance you may need. If for some reason you no longer wish to receive services from our Center, please call to let me know.

During office hours you may reach me at (334) 298-2405. Should you have an emergency after regular business hours, please call (334) 742-2877 or 1-800-815-0630 for assistance.

Sincerely,

*Debra Chatmon* pc

Debra Chatmon, RN
Clinical Coordinator

*2/12/08 Above appt not on schedule @ jail. Reschedule to 2/20/08 @ 945 Am. PP*

___ I have been able to reach you by phone and have rescheduled your appointment for _____.

# Exhibit J

2/29/08 letter from Dr. Warren
and evaluation

**AUBURN**
NEUROSURGERY
W. Lee Warren, MD

February 29, 2008

William Warr, MD
P.O. Box 640
Phenix City, AL 36868

Dear Dr. Warr,

I saw William Ellis in follow-up today. Please see the attached copy of my notes from the office visit.

Thank you for the opportunity to care for your patient.  Please feel free to contact me at any time.

Sincerely,

W. Lee Warren, MD
Diplomate, American Board of Neurological Surgeons

W. Lee Warren, MD

info@auburnneurosurgery.com
www.auburnneurosurgery.com

Office: 334.821.0466
Fax: 334.821.4682
Toll Free: 877.60BRAIN

2320 Moore's Mill Road, Suite 250
Auburn, AL 36830

# Progress Note

| | | | |
|---|---|---|---|
| **Patient Name:** | William Ellis | **Visit Date:** | February 29, 2008 |
| **Patient ID:** | 2967 | **Provider:** | Wayne L. Warren, Jr. MD |
| **Sex:** | Male | **Location:** | Auburn Neurosurgery PC |
| **Birthdate:** | May 9, 1970 | | |

## Chief Complaint

- S/P Transforaminal lumbar interbody fusion

## History Of Present Illness

William Ellis presents for a postoperative visit following minimally invasive decopmression and fusion at L4-5. He reports that his preoperative symptoms persist. This includes pain and paresthesias in the L5 distribution. The patient reports developing neck pain that radiates in to the left arm. Mr. Ellis also reports limited range of motion and weakness in his left arm.

## Physical Examination

**Constitutional**
- **Appearance** : well-nourished, well developed, alert, in no acute distress

**Musculoskeletal**
- **Thoracic Spine** :
  - **Inspection/Palpation** : no edema
  - **Range of Motion** : spine range of motion normal
- **Lumbosacral Spine** :
  - **Inspection/Palpation** : no lesions or deformities, paraspinal musculature is nontender to palpation, well-healed
  - **Muscle Strength/Tone** : paraspinal muscle strength and tone within normal limits

**Neurologic**
- **Motor Examination** :
  - **RLE Strength** : strength normal
  - **LLE Strength** : strength normal
- **Reflexes** :
  - **RLE** : knee reflex 2+, ankle reflex 2+, Babinski response negative
  - **LLE** : knee reflex 2+, ankle reflex 2+, Babinski response negative
- **Sensation** :
  - **Pin Prick** : sensation intact to pin prick in extremities
- **Gait and Station** : normal gait, able to stand without difficulty

## Assessment

- Post-operative visit V58.41
- Degeneration of lumbar intervertebral disc 722.52
- Displacement of lumbar intervertebral disc without myelopathy 722.10
- Cervical spondylosis without myelopathy 721.0

## Plan

**Orders**

- o  MRI of spine, lumbar; with and without contrast (72158) - 03/01/2008
- o  MRI of spine, cervical; without contrast (72141) - 03/01/2008

**Instructions**
- o  Mr. Ellis returns to clinic with continued pain that radiates down his right leg. He also reports neck pain and left arm pain. I have orderend an MRI of his lumbar spine and cervical spine and will review the images after they are done.

**Disposition**
- o  RTC after MRI

**Electronically Signed by:** Wayne L. Warren, Jr. MD on March 1, 2008 04:58:08 AM

[Digital Signature Validated]

# Exhibit K

3/12/08 Summit Hospital
Radiology Consultation Report



# Fax Cover Page

**To** Tina

**Company** Russell Co Jail

**Fax Number** 334- ~~297-0908~~ 297-5730

**Re**

**From** Djuana Fields

**No. of Pages**

**Date**

☐ Urgent    ☐ For Your Review    ☐ Reply ASAP    ☐ Please Comment

~~Lea~~ Imaging Service will fax you the MRI +
US, Chest XRay.

Thanks.

**Confidentiality Notice:**
This facsimile, and any files transmitted with it, may contain confidential and/or proprietary information in the possession of Jack Hughston Memorial Hospital and is intended only for the individual or entity to whom addressed. This facsimile may contain information that is held to be privileged, confidential, and exempt from disclosure under applicable law. This information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any unauthorized access, dissemination, distribution, or copying of any information from this facsimile is strictly prohibited and may subject you to criminal and/or civil liability. If you have received this facsimile in error, please call the number listed below.
*Thank You.*

If you have problems receiving this message, please call  334-732-3087 or Fax 334-732-3646

Please send faxes to:

4401 River Chase Drive * Phenix City, AL 36867-7483 * Phone: 334-732-3000 * www.jackhughstonmemorialhospital.com

**SUMMIT HOSPITAL**
**4401 RIVER CHASE DRIVE**
**PHENIX CITY, AL 36867**

RADIOLOGY CONSULTATION REPORT

PATIENT:                ELLIS, WILLIAM
DOB:                    05/09/1970
DATE OF SERVICE:        03/12/2008
MRN:                    17640
STUDY ID:               1327360
ACCESSION #:            00380360000100
ORDERING PHYSICIAN:     WARR,
PATIENT LOCATION:       outpatient

**FINAL REPORT**

**PROCEDURE:**                NON-ENHANCED CERVICAL SPINE MR
**INDICATION - DIAGNOSIS:**   Left arm pain for six years.
**PRIORS:**                   None. No correlative radiography or CT.
**TECHNIQUE:**       Non-enhanced T1 and T2 axial and sagittal images.

**EXAM FINDINGS:**

Alignment, vertebral body statures and disk heights are normal. Marrow signal is unremarkable. The cervical cord is normal in size, shape, position and signal. The craniocervical junction is normal.

At C5-C6, there is minimal 2-mm broad-based central disk protrusion with subtle effacement of the subarachnoid space. Emerging nerve roots at this level are normally positioned. There is no central or peripheral stenosis.

Other disk space levels show no disk protrusion, central stenosis or peripheral stenosis.

**IMPRESSION:**
Minimal, uncomplicated degenerative disk disease C5-C6. This is probably a clinically silent lesion.

This report has been electronically authenticated

Ken Beil, MD
KB/sh/ 1327360
DD: 03/12/2008 @ 03:16 PM DT: 03/12/2008 @ 03:28 PM
  cc:  Summit Hospital - Radiology fax

Page 1

Optimal Readings Professional Services
Phone: (205) 802-7725
Support: (800) 956-0179

# SUMMIT HOSPITAL
## 4401 RIVER CHASE DRIVE
### PHENIX CITY, AL 36867

## RADIOLOGY CONSULTATION REPORT

| | |
|---|---|
| PATIENT: | ELLIS, WILLIAM |
| DOB: | 05/09/1970 |
| DATE OF SERVICE: | 03/12/2008 |
| MRN: | 17640 |
| STUDY ID: | 1327320 |
| ACCESSION #: | 00380360000200 |
| ORDERING PHYSICIAN: | WARR, |
| PATIENT LOCATION: | outpatient |

### FINAL REPORT

**PROCEDURE:** ENHANCED AND NONENHANCED LUMBAR SPINE MRI
**INDICATION - DIAGNOSIS:** Lumbar surgery 01/01/2008. Pain.
**PRIORS:** 11/14/2007.
**TECHNIQUE:** Axial and sagittal T1 and T2-weighted enhanced images.

## EXAM FINDINGS:

Vertebral body statures and disk heights are normal with bilateral L4 and L5 pedicle screw and plate fixation. Artifactual signal is present in the L4-L5 disk space compatible with a disk cage device.

There is a 2-mm nonenhancing extradural deformity and flattening of the thecal sac at L4-L5 without central or neural foraminal stenosis. The demonstrated pedicles and paraskeletal soft tissues are normal.

The conus is unremarkable at the L1 level.

Vertebral body statures and overall alignment is normal. The first, second, third, and fifth disk spaces are unremarkable.

## IMPRESSION:
L4-L5: Postsurgical posterior fusion with nonenhancing extradural right paracentral scar deformity.


This report has been electronically authenticated

Ken Beil, MD
KB/cs/ 1327320
DD: 03/12/2008 @ 03:11 PM DT: 03/12/2008 @ 03:50 PM
 cc: Summit Hospital - Radiology fax

Optimal Readings Professional Services
Phone: (205) 802-7725
Support: (800) 956-0179

# SUMMIT HOSPITAL
## 4401 RIVER CHASE DRIVE
### PHENIX CITY, AL 36867

RADIOLOGY CONSULTATION REPORT

PATIENT:             ELLIS, WILLIAM
DOB:                  05/09/1970
DATE OF SERVICE:    03/12/2008
MRN:                  17640
STUDY ID:           1327320
ACCESSION #:       00380360000200
ORDERING PHYSICIAN:   WARR,
PATIENT LOCATION:    outpatient

Page 2

Optimal Readings Professional Services
Phone: (205) 802-7725
Support: (800) 956-0179

# Exhibit L

Inmate and Medical Records
from 3/1/08 to 3/28/08

Ellis, William

| Date/Time | | Nurse Signature |
|---|---|---|
| 030308 0930 | Per instructions from Dr. Ware advised I'm that he will either continue the Talwin XR or change it to Darvocet-N 100 and Flexeril PRN. I'm advises refers to continue Talwin XR & Flexeril. | |
| 030508 1100 | Brittany - Jack Hughston Memorial Hosp NWW 3/12/08 1⁰⁰pm. | Jeffrey Powell LP |
| 031208 1245 | Transported to Jack Hughston Memorial Hosp for MRI's. | Jeffrey Powell LP |

## INMATE REQUEST FORM
### Prentiss Griffith Detention Facility

Date 3-8-0_    LOCATION 6-12

Name W. S____

# MEDICAL

Nature of complaint or illness: I need my pain meds

Sign here for consent to be treated by health staff _W. S_____

(Do Not Write Below This Line – For Reply Only)

Gave meds

DOCTOR ☐    DENTIST ☐    OTHER ☐

Date 3-8-08    Time Received 2000

Officer Miller

---

## INMATE REQUEST FORM
### Prentiss Griffith Detention Facility

Date 3-10-0_    LOCATION

Name W. S____

# MEDICAL

Nature of complaint or illness: I need my pain meds cont muscle relaxer

Sign here for consent to be treated by health staff _W. S____ 11.05_

(Do Not Write Below This Line – For Reply Only)

Given B requested 11:05

DOCTOR ☐    DENTIST ☐    OTHER ☐

Date 3-10-_    Time Received _____

Officer ____

# INMATE REQUEST FORM

Prentiss Griffith Detention Facility

LOCATION _G-12_

Name _W. Ellis_     Date _3-10-05_

# MEDICAL

Nature of complaint or illness: _I need my pain meds_

Sign here for consent
to be treated by health staff: _W. Ellis_     _3:55_

### (Do Not Write Below This Line — For Reply Only)

_Given as requested    15:55_

DOCTOR ☐     DENTIST ☐     OTHER ☐

Date _3-10-05_     Time Received _15:55_

Officer _____

---

# INMATE REQUEST FORM

Prentiss Griffith Detention Facility

LOCATION _G-12_

Name _W. Ellis_     Date _3-11-05_

# MEDICAL

Nature of complaint or illness: _I need my pain meds_

Sign here for consent
to be treated by health staff: _W. Ellis_     _05:00_

### (Do Not Write Below This Line — For Reply Only)

_Given as requested_

DOCTOR ☐     DENTIST ☐     OTHER ☐

Date _3-11-06_     Time Received _05:00_

Officer _____

## INMATE REQUEST FORM

Prentiss Griffith Detention Facility

# MEDICAL

Name _W. Ellis_    Date _3-24-8_    LOCATION _A6_

Nature of complaint or illness:

_I need my pain meds and muscle relaxers_

Sign here for consent
to be treated by health staff: _____

(Do Not Write Below This Line – For Reply Only)

_Given at 12:35_

DOCTOR ☐    DENTIST ☐    OTHER ☐

Date _3-24-08_    Time Received _12:35_

Office _____

---

## INMATE REQUEST SLIP

LOCATION _A12_

Name _W. Ellis_    Date _3-25-08_

☐ Telephone Call    ☐ Time Sheet
☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request: **Give to Jailer**

_I need my pain meds and muscle relaxers_

(Do Not Write Below This Line – For Reply Only)

_Given at 16:15_

Approved _____    Denied _____    Collect Call _____

All request Will Be Routed Through The Sergeant Over The Jail, Then
Forwarded To Those The Request Is Directed.
☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _3-25-8_    Time Received _16:15_

Jailer _____

## INMATE REQUEST SLIP

LOCATION __6 12__

Name _William Ellis_ Date _3-27-08_

☐ Telephone Call ☐ Time Sheet

☐ Special Visit ☐ Personal Problem ☐ Other

Briefly Outline Your Request. **Give to Jailer.**
_I need my pain meds please_

(Do Not Write Below This Line – For Reply Only)

_Given at 1530_

Approved _____ Denied _____ Collect Call _____

All request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request Is Directed.
☐ Lieutenant ☐ Chief Deputy ☐ Sheriff

Date _3-27-5_ Time Received _1530_

Jailer _____


## INMATE REQUEST SLIP

LOCATION __6 12__

Name _W. Ellis_ Date _3-27-08_

☐ Telephone Call ☐ Time Sheet

☐ Special Visit ☐ Personal Problem ☐ Other

Briefly Outline Your Request. **Give to Jailer.**
_I need my pain meds please_

(Do Not Write Below This Line – For Reply Only)

_Given at 0725_

Approved _____ Denied _____ Collect Call _____

All request Will Be Routed Through The Sergeant Over The Jail, Then Forwarded To Those The Request Is Directed.
☐ Lieutenant ☐ Chief Deputy ☐ Sheriff

Date _3-27-5_ Time Received _0725_

Jailer _____

# Exhibit M

## 1/20/08 Inmate Grievance Form

070309009

1/20/09

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
## INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By: | Received By: |
|---|---|
| Inmate's Name (last name first) William Elles | CO's Name & ID Number Timothy Miller, #41 |
| Housing Assignment G mod 1-20-09 | Shift Assignment B-Night |

## PART "A" INMATE REQUEST

I've submitted request about my Prescription eye glasses and I still dont have glasses. If I need to file a seperate Claim please let me know and we'll save us all a lot of paperwork and time. Judge Walker recomends that I file a seperate Claim.

Grievant (Inmate) Signature _William Elles_

## PART "B" - RESPONSE

1/22/08 Received inmate grievance form Refrence to Nurse Riley - Pelfery - Lt. Gullord —

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

## PART "C" - RECEIPT

Return To _____ Date _____ Time _____

Submitting Inmate _____ Receiving Shift Supervisor _____

## PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Witness _____ Submitting Inmate _____

## APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer I have attached to this notice of appeal a statement of the basis for my appeal

Appeal Received By _____ Date _____ Time _____

Submitted By _____ Copy Received By _____

# Exhibit N

Supplemental Inmate Records,
from January 4, 2008, to March 28, 2008

0703.09009

# INMATE REQUEST FORM
### Prentiss Griffith Detention Facility

G-12
LOCATION

Name William Ellis    Date 2-12-08

## MEDICAL

Nature of complaint or illness:

Mrs Kiley, I don't appreciate my pain medication being cut in half. Dr warren allows me 1 or 2 every 4 hours. Every time it comes through you im guarnteed to get 1 pain pill. I dont abuse my medication. If I have to speak to Dr warren I will but there no need I just wont my medication

Sign here for consent
to be treated by health staff: _____

(Do Not Write Below This Line – For Reply Only)
and not a lot of problems. I cause as little problems as i can I rested my case with the court. If i have too take this and missing my mental health Appt. to the nursing Board I will. Please resolve this

2/12/08 Instructions state take 1 or 2

DOCTOR tabs as needed.  DENTIST  OTHER You have never requested 2 tabs. Appt has been scheduled and you do what you deem is

Date 2-12-08  Time Received 1/08  Necessary

070309009

# INMATE REQUEST SLIP

6 12

**LOCATION**

Name _William Ellis_    Date _1-23-08_

☐ Telephone Call        ☐ Time Sheet

☐ Special Visit        ☐ Personal Problem        ☐ Other

Briefly Outline Your Request. <u>Give to Jailer</u>

_Sgt Bussey I need the address to the_
_alabama state Board of adjustment._

_Mr. Ellis_

(<u>Do Not Write Below This Line</u> – For Reply Only)

ALABAMA STATE ___ OF ADJUSTMENT
STATE CAPITOL
3rd Floor EAST WING
MONTGOMERY, AL 36130-1435    _Sgt._

Approved _____ Denied _____ Collect Call _____

All request Will Be Routed Through The Sergeant Over The Jail, Then
Forwarded To Those The Request Is Directed.

☐ Lieutenant        ☐ Chief Deputy        ☐ Sheriff

Date _1-23-08_   Time Received _1900_

Jailer _C/O Knox_

## RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

*Copy*

*12-11-07*

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By: | Received By: |
|---|---|
| Inmate's Name (last name first) *William Ellis* | CO's Name & ID Number *C/O Schrader 5⁹* |
| Housing Assignment *7 max* | Shift Assignment *A Night 1900 hr.* |

### PART "A" INMATE REQUEST

*I turned in a medical slip on 12-9-07, that the Chiropractic treatment was not helping me. In fact I put it in writing that it was hurting me more, after turning in the Request, I was still sent. Dr. Warr asked me to try it out I did and it was not helping. Even the Chiropractor told me she Couldn't*

_____ Grievant (Inmate) Signature

### PART "B" - RESPONSE

*12/13/07 - Recieved Referral to SSgt. Bassey. Lt. Mallard. forward a Copy to Dr. Warr + Nurse Riley - Lt. Mallard.*

12-17-2007 - INMATE ELLIS THIS GRIEVANCE WAS FOR THE RECORD. INMATE ELLIS STATES HE ONLY WANTED A COPY TO BE GIVEN TO THE MEDICAL DIVISION. INMATE ELLIS STATES HE SPOKE TO DR. WARR ON 12-17-07 AND RESOLVED THE CHIROPRACTIC Problem

SSgt. J.

Date of Response *12-17-07*   Divisional Grievance Officer *SSG J. Bussey*   ID Number *9⁹/*

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

### PART "C" - RECEIPT

Return To _____   Date _____ Time _____

Submitting Inmate _____   Receiving Shift Supervisor _____

### PART "D" - RETURN RECEIPT

Returned To _____   Date _____ Time _____

Witness _____   Submitting Inmate _____

### APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal.

Appeal Received By _____   Date _____ Time _____

Submitting By _____   Copy Received By _____

help me. As of 12-10-07 she was recommending releaseing me. we had
a long talk. So i can only assume that <u>intimidation</u> would
be the winner factor. Furthermore the Chiropractor is not an
orthopedic Dr of medicene. I refuse to be intimidated by a badge
and a gun. I was in a car accident that resulted from
<u>excessive speed. Im already Mental health. So what do i get,</u>
put in a car traveling speeds in excess of 90 to 100 MPH
to make it a timely effort. I rammed into the Security wall
from slamming on brakes to avoid hitting someone. At any rate
a badge doesnt give you the right to break the very laws you
uphold. Its not personal it just shows the severe breakdowns in the
system. Then my mental health appoit. is canceled 12-11-07. i get
a letter from mental health asking why. To make me suffer
more the muscle relaxer is taken away. It wasnt helping any way
   Keep letting me suffer this is the very thing that brought Southern
poverty in here. Any time you wish to resolue this lawsuit im
open to suggestion. Theres no excuse for letting someone suffer the
8rd amendment and the patients bill of rights does not Clause in
being incarcerated a reason to suffer. Theres a huge difference in suffering
and punishment. 5MM of a disc is hanging out of my spine putting
direct pressure on my spinal cord. Not to mention the nerve damage.
this is before we even discuss 11-10-07. I keep getting threatened
with a video. If you got a video that also means you got surg.
poping it. So ahead and send it to the Court if its so
damming. I wont be intimidated or bluffed. i Know what
happened. No need to wait for the "Special report" Send it
in and end it. At any rate. Its been under a Chiropractor
after my car accident. In 1996 but in a Court of law ~~Sugges~~ they

Since March. No Matter how you go about it, you Cant Justify it. Theres a lot of things that go under the radar here, and personally i Could Careless long as it doesnt affect me. I Can tell you long as i suffer in blinding Pain every Court, Jurisdiction, U.S office i Can reach, i will.

Refusing me time to the law library is a Violation of the 6th and 14th amendments. I will Close this grievance and hope a resolution Can be reached. Thank you for your time and Consideration please return my Copy.

Sincerly

William Danier Elli Sr

# INMATE REQUEST SLIP  _G12_
**LOCATION**

Name _William Elli_                    Date _1-8-08_

☐ Telephone Call          ☐ Time Sheet

☐ Special Visit          ☐ Personal Problem          ☐ Other

Briefly Outline Your Request. **Give to Jailer**

Sgt Bussey im still waiting to hear something
about my insoles. I spoke with you on the
7TH of Dec. you told me to wait so you Could talk
to Dr. Warr. I really need something im
getting worse everyday.
        thank, mr Elli

**(Do Not Write Below This Line** – For Reply Only**)**

YOU WILL NEED TO SPEAK TO DR. WARR. IF HE DETERMINES
INSOLES TO BE A MEDICAL NECESSITY THEN YOU MAY
HAVE THEM. S/B

Approved _____ Denied _____ Collect Call _____

**All request Will Be Routed Through The Sergeant Over The Jail, Then
Forwarded To Those The Request Is Directed.**

☐ Lieutenant          ☐ Chief Deputy          ☐ Sheriff

Date _1-8-08_ Time Received _1900_

Jailer _____



RUSSELL COUNTY SHERIFF'S DEPARTMENT
TOMMY BOSWELL, SHERIFF
POST OFFICE BOX 640
PHENIX CITY, ALABAMA
36868 - 0640
( 334 ) 298-6535
FAX ( 334 ) 291-7667

To: Inmate William Ellis
From: SSG. D. Bussey
Date: 01-24-2008
Re: Legal Mail Grievance


      On 12-17-2007, I received a grievance form completed by you. In this grievance you state your legal mail was opened. On 12-17-2008, I had a conversation with you regarding this matter. During this conversation, I advised you officers are permitted to open legal mail in the presence of the addressed inmate and scan the contents for contraband. During this conversation you stated on 12-13-2008 at approximately 0200hrs you received legal mail from the U.S. District Court. You stated the mail was handed to you by Officer Freeman or Officer Jelks. You further stated you did not realize the mail had been opened until approximately 0400hrs. I advised you I would speak with the shift supervisors in reference to your complaint. On 01-02-2008, I received another grievance form stating your mail is still being opened.

      The limited information provided in these complaints makes it almost impossible to investigate. In any future complaints please provide as much detail of the incident as possible. Include the time and date of the offense and the name of the officer(s) involved. In the event you receive legal mail opened outside your presence, immediately notify the officer that handed you the mail. Ask the officer to notify the shift supervisor on duty. Without following these steps it's impossible for me to corroborate your allegations.

                      SSG. Danny Bussey

                      SSG. *[signature]*

                    Asst. Corrections Administrator



Original 001

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

12-16-07

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By: | Received By: |
|---|---|
| Inmate's Name-(last name first) | CO's Name & ID Number  Schumch  59 |
| William Ellis | Shift Assignment  A Night 1800 |
| Housing Assignment  G max K | |

### PART "A" INMATE REQUEST

On 12-13-07 Once again my legal mail from the U.S. District Court was opened again. The last request and Grievance i submitted into never returned if i need to have the Federal Court step in to protect my legal mail i will

Grievant (Inmate) Signature  M. Ellis

### PART "B" - RESPONSE

LETTER ATTACHED

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

### PART "C" - RECEIPT

Return To _____ Date _____ Time _____

Submitting Inmate _____ Receiving Shift Supervisor _____

### PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Witness _____ Submitting Inmate _____

### APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal.

Appeal Received By _____ Date _____ Time _____

Submitted By _____ Copy Received By _____

PLG-021

S Sgt Bussey.

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

Copy

| Submitted By: | | Received By: |
|---|---|---|
| Inmate's Name (last-name first) | CO's Name & ID Number | R(47) 1-08-08 |
| William Ellis | | 1900 |
| Housing Assignment | Shift Assignment | |
| G maf 1/6/07 | | |

## PART "A" INMATE REQUEST

Sgt Bussey I still have not recieved a Copy of the last two Graievances. after we spoke in your office. you told me i would get those back for my records.

Grievant (Inmate) Signature _William Lane Ellis_

## PART "B" - RESPONSE

LETTER ATTATCHED

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

## PART "C" - RECEIPT

Return To _____ Date _____ Time _____

Submitting Inmate _____ Receiving Shift Supervisor _____

## PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Witness _____ Submitting Inmate _____

## APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal.

Appeal Received By _____ Date _____ Time _____

Submitted By _____ Copy Received By _____

PLG-021

C/o farham
1-08-08
17:05

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By: | Received By: | |
|---|---|---|
| Inmate's Name (last name first) _William Darius Ellis_ | CO's Name & ID Number _#47_ | 1-8-08 |
| Housing Assignment _C3 mal_  1/8/08 | Shift Assignment | 1900 |

## PART "A" INMATE REQUEST

Sgt Bussey, I still have not received a Copy of the last two grievance that i dis issued with you in your office. I was assured i would get my Copy(s) back that was Over 3 weeks ago.

Grievant (Inmate) Signature _William Ellis Sr_

## PART "B" - RESPONSE

LETTER ATTACHED

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

## PART "C" - RECEIPT

Return To _____ Date _____ Time _____

Receiving Shift Supervisor _____

Submitting Inmate _____

## PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Submitting Inmate _____

Witness _____

## APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal

Appeal Received By _____ Date _____ Time _____

Submitted By _____ Copy Received By _____

PLG-021

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By | | Received By |
|---|---|---|
| Inmate's Name (last name first) *William Ellis* | *12/30/07* | CO's Name & ID Number *Schrad 59* |
| Housing Assignment *G max* | | Shift Assignment *A Night 1900* |

## PART "A" INMATE REQUEST

Sgt Bussey My legal mail is still being opened. Also I have not recieved my Copy's of my Grievances that you told me i would get. thanks

*Mr Ellis*

Grievant (Inmate) Signature _____

## PART "B" - RESPONSE

1/2/08 - Referred to S.Sgt. Bussey. Lt. Galland -

LETTER ATTACHED

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

## PART "C" - RECEIPT

Return To _____   Date _____ Time _____

Receiving Shift Supervisor _____

Submitting Inmate _____

## PART "D" - RETURN RECEIPT

Returned To _____   Date _____ Time _____

Submitting Inmate _____

Witness _____

## APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer  I have attached to this notice of appeal a statement of the basis for my appeal

Appeal Received By _____   Date _____ Time _____

Submitted By _____   Copy Received By _____

# INMATE REQUEST SLIP

LOCATION

Name _William Ellis_    Date _1-20-08_

☐ Telephone Call    ☐ Time Sheet

☐ Special Visit    ☐ Personal Problem    ☐ Other

Briefly Outline Your Request. **Give to Jailer**

_Sgt Bussey I still havent heard
anything about my (Shoes)_

**(Do Not Write Below This Line** – For Reply Only)

_THAT WILL BE MEDICAL'S DECISION._

_SGB_

Approved _____ Denied _____ Collect Call _____

All request Will Be Routed Through The Sergeant Over The Jail, Then
Forwarded To Those The Request Is Directed.

☐ Lieutenant    ☐ Chief Deputy    ☐ Sheriff

Date _01/20/08_    Time Received _21:00_

Jailer _K8_

# INMATE REQUEST SLIP   G-12

LOCATION

Name _Anonymous_     Date _12-22-07_

☐ Telephone Call      ☐ Time Sheet

☐ Special Visit      ☑ Personal Problem      ☐ Other

**Briefly Outline Your Request.  Give to Jailer**

Inmate (William Ellis) get his cigarettes today
from "officer Worst" and told me to give him
(inmate Ellis) 3 items for one. I slid my 3
items 1st then he kept them.
HE GOT A WHOLE PAK OF BUGULER
IN HIS MAT!

**(Do Not Write Below This Line – For Reply Only)**

\* 12-24-07 - Sgt. Moon ordered shakedown in G-max
unit, and didn't recover any tobacco.

Approved _____ Denied _____ Collect Call _____

All request Will Be Routed Through The Sergeant Over The Jail, Then
Forwared To Those The Request Is Directed.

☐ Lieutenant      ☐ Chief Deputy      ☐ Sheriff

Date _12-24-07_  Time Received _0700_

Jailer _Co Miller_

## RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By: | | Received By: |
|---|---|---|
| Inmate's Name (last name first) *William Ellis* | *12/30/07* | CO's Name & ID Number *Schront  5-2* |
| Housing Assignment *G max* | | Shift Assignment *A Night  1900* |

### PART "A" INMATE REQUEST

Sgt Bussey My legal mail is still being opened. Also I have not recieved my Copy's of my Grievances that you told me i would get. Thanks

Grievant (Inmate) Signature _____

### PART "B" - RESPONSE

1/2/08 - Referred to S.Sgt. Bussey  Lt. Jallard —

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

### PART "C" - RECEIPT

Return To: _____ Date _____ Time _____

Submitting Inmate _____ Receiving Shift Supervisor _____

### PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Witness _____ Submitting Inmate _____

### APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer  I have attached to this notice of appeal a statement of the basis for my appeal

Appeal Received By _____ Date _____ Time _____

Submitted By _____ Copy Received By _____

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By: | | Received By: |
|---|---|---|
| Inmate's Name (last name first) William Lanier Ellis Sr. | CO's Name & ID Number | |
| Housing Assignment | Shift Assignment 10/21/07 1960 | |

## PART "A" INMATE REQUEST

In light of my visit with Dr. Warr on 10/22/07, Dr. warr
I hope has enough of my medical History to determine that the
severe pain im in does play a role in my over all health. The
Depression, Anxiety, no sleep. Thier are 12 Cranial nerves that
feed Directly to the spine.

Grievant (Inmate) Signature William Lanier Ellis

## PART "B" - RESPONSE

10-27-07- MR Ellis, if you have any other problem
with 3:07-CV-920 (MHT) I would
reco _hat you file them with the Courts.
You do not have to complete an inmate
_rm because your case has been
_ill__ _ forward a copy to Dr. Warr and
Medica __ I do not Believe that this issue
_ resolved because Medical works + the doctor's
order _ _ _hey are handl-
ing our medical treatment with an issue you have
already filed with the Courts.

Receiving Shift Supervisor _____ Time 10/27/07

NOTE: If yo_ __e satisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays and legal holidays. The inmate and the authorized official must sign.

## PART "C" - RECEIPT

| Submitting Inmate | | Time |
|---|---|---|

## PART "D" - RETURN RECEIPT

| Returned To | Date | Time |
|---|---|---|
| Witness | Submitting Inmate | |

## APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal

| Appeal Received By | Date | Time |
|---|---|---|
| Submitted By | Copy Received By | |

In order to eliminate pain you have to shut down, the nerve transmitters in the Brain. At Current the treatment is no where near shutting down the "pain receptors".

Mine happen to start at S.1 radiate into the major portion of the left hip. The entire motor function of the right hip. With reflexess in both legs. Namley putting the Baker Cyst in both legs.

The pain never stops it never ends when i sleep its from exaustion, Plain and simple. My Mind never shuts down its allways at peak level. In my medical records, you'll see that i have always suffered from issues with sleep.

Please Make this Part of the record Dr. Warr im Begging you to get this pain under Control.

Respectfully Submitto

on this 14 Day of att.

william Louis Ellis Jr.

| VICTIM | CELL # | DATE | TIME | SHIFT SUPERVISOR |
|--------|--------|------|------|------------------|
| RCJ | I-13 | 08-18-07 | 0420 | SGT PERRY |

| OFFENDER | CELL # | TYPE OF INCIDENT/OFFENSE | |
|----------|--------|--------------------------|--|
| WILLIAM WELLS | | DISOBEYING A ORDER | |

| WITNESSES | CELL # | WITNESSES ( OFFICERS) |
|-----------|--------|------------------------|
| 1. | | |
| 2. | | |
| 3. | | |

**NARRATIVE:**

ON 08-18-07 AT OR ABOUT 0420HRS C/O STEPHEN WURST WAS CONDUCTING MORNING FEEDING IN MALE POD 2 AREA. WHILE FEEDING I BLOCK INMATE WILLIAM WELLS (HOUSED IN I-13) RECIEVED HIS TRAY C/O WURST NOTICED THAT HIS DOOR WAS NOT SHUT C/O WURST INSTRUCTED INMATE WELLS TO SHUT THE DOOR. C/O WURST NOTICED NO RESPONSE. C/O WURST WALKED OVER TO ROOM 13 AND SECURED THE DOOR. INMATE WELLS YELLED HIS FINGERS WERE BROKEN. C/O WURST INFORMED C/O ANDREWS TO TAKE INMATE WELLS TO THE INFIRMARY TO HAVE HIS FINGERS CHECKED. C/O WURST FINNISHED FEEDING. MOMENTS LATER C/O WURST WAS INSTRUCTED BY SGT PERRY TO TRANSPORT INMATE WELLS TO SUMMIT HOSPITAL. WHILE AT SUMMIT HOSPITAL INMATE WELLS HAD HIS FINGERS EXAMEND BY ALL HOSPITAL STAFF + X-RAYED. HOSPITAL

| VICTIM | CELL # | DATE | TIME | SHIFT SUPERVISOR |
|--------|--------|------|------|------------------|
| | | | | |

| OFFENDER | CELL # | TYPE OF INCIDENT/OFFENSE |
|----------|--------|--------------------------|
| | | |

| WITNESSES | CELL # | WITNESSES ( OFFICERS) |
|-----------|--------|-----------------------|
| 1. | | |
| 2. | | |
| 3. | | |

**NARRATIVE:**

STAFF STATED THAT ONE FINGER WAS BROKEN. THE FINGER WAS SPLENTED AND INMATE WELLS WAS RELEASED. AN C/O WURST TRANSPORTED BACK TO RUSSEL COUNTY JAIL C/O WURST PLACED ALL MEDICAL PAPERWORK IN MEDICAL BOX. END OF STATEMENT

C/O WURST

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

Case # 3:07-CV-920

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By: | | Received By: |
|---|---|---|
| Inmate's Name (last name first) William Lanier Ellis Sr. | CO's Name & ID Number | Brown, C 38 |
| Housing Assignment | Shift Assignment | D-Day |

### PART "A" INMATE REQUEST

Lt Holland

Im glad you were in medical, now you see what im deal
with. I have exausted all efforts to go along with Dr Warr.
Im suffering and there is no end to it, its day and night,
night and day it never ends. Im trying to meet Dr Warr but

Grievant (Inmate) Signature William Ellis

### PART "B" - RESPONSE

10-22-07- Thanks for all the info, I will
forward a copy of this letter to Medical to
add to their Records.

J.F. Holland

10/20/07

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

### PART "C" - RECEIPT

Return To _____ Date _____ Time _____

Submitting Inmate _____ Receiving Shift Supervisor _____

### PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Witness _____ Submitting Inmate _____

### APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer  I have attached to this notice of appeal a statement of the basis for my appeal

Appeal Received By _____ Date _____ Time _____

Submitted By _____ Copy Received By _____

I refuse to back down. you heard him say he knows im in pain and it'll get worse. It already has got worse and he think i want drugs to feel good? Give me a break that is just absurd.

I don't appreciate being treated like a drug addict. I never abused my medication. Furthermore i've never had a drug charge.

Having a Licence to practice medicene does not give you the right to abuse people. This is about the 4, or 5 time i have seen him for my throat and ears. Rather than look a little deeper to find out why. It will be covered up for a month or so then happen again. the last time was August.

I assure you, if he thinks or Mrs Riley think im going to back off, it wont happen. also if he thinks that he is going to get all my previous Dr.'s go against thier own records its slim to none.

If he is knowingly make me suffer then he will have to answer for that. This never should have went this far. As of 11/1/07 it will be made public record. I also caution the gathering of my medical records with out my hand written consent, further more by phone, Voice fax.

As i made it known in your presence this is not about me being in jail. Im suffering, Lt Holland. As i made it known to you before this is one of the better facility's ive been in.

Dr. woer has gotten away with letting inmates suffer needlessly as with any thing you only get away with it so long.

Now a Class Action petition has been signed and made part of the record. Following with numerous inmates of the same Complaint Better and fair medical treatment. A formal Complaint will be filed with the Alabama State Board of nursing and The Alabama state board of medicine. I would assume by now that your aware i dont bluff.

They have a lot to answer for and it will be to me and a U.S. Magistrate Judge. The interesting thing is Judge walker will dismiss the Jail "its self" as it is not a legal entity subject to suit. However Staff is Further more later this Week Tommy Boswell will receive a 21 page grievance Filled out with medical request. I'm one of those on 6/18 i was begging for help. There is a paper trail a mile long.

Every request and grievance i have sent I havent got 1 back yet with an explanation.

I apologize if i was rude or dis respectful in any way. I'm hurting bad. Further more thank you for setting in now you have an idea of what is going on.

Sincerely
william Lanier Ellis Sr

c/o Hunter
10-9-0
1021

Medical 003
Roswell 004

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
## INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

*Staff Copy*

| Submitted By | Received By |
|---|---|

Inmate's Name (last name first) **William Ellis**

CO's Name & ID Number **C/O WURST  24  1900  OCT 4**

Housing Assignment **G Mal**

Shift Assignment

### PART "A" INMATE REQUEST

On Tuesday oct the 2nd i made a inquiry with Mrs Riley why was i still receiveing a medication that was Discontinued. she says it wasnt. In the medication ledger it verifys that it was stopped. The other inquiry was if Dr. Warr was aware

Grievant (Inmate) Signature _____

### PART "B" - RESPONSE

10/9/07- Referred to Medical Dr. Work and Nurse Riley - H.Qallard.

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

### PART "C" - RECEIPT

Return To _____ Date _____ Time _____

Submitting Inmate _____ Receiving Shift Supervisor _____

### PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Witness _____ Submitting Inmate _____

### APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal

Appeal Received By _____ Date _____ Time _____

Submitted By _____ Copy Received By _____

That i had my first seizure. I was asked if i told any one. Seems every one but her knows about it. Sgt San Nicolas, officer freem, officer Goodman.

She knows she just dont wont to hear it. Now im refused treat ment until i see mental health.

I submitted 10 pages of informat times, places, events, to Dr. Warr to try and help him understand whats going on. That has been well over a week ago. The same information was submitted to Mr. Boswell.

So i assume that the reguard for his patients is litle. His intrest seem to be that of pleasing Mrs. Riley.

Reguardless of this being a Detintion facility, im still a patient as well as an inmate. Do you just pick up a phone and call the Dator and tell him what you wont him to hear. Some one has cut 2 medications that were giving my seizures bad problem.

When i have one, and your not even going to follow up. That is the first thing that should be done.

Dr Warr is not a neurologist and when it comes to my seizures has no way to

Say what is or is not going on in my mind.
I have been under 2 well respected neurologist and i know the procedure and follow up that is to occour when i have one.

Under Rule 11, FEDERAL RULES OF CIVIL Procedure this along with prior grievance's will be attached, as part of the record.

These Complaints are well grounded on medical History and record. Not that of opion or theroy But plain, facts.

Grievance attachment. Record 003. Part 1, A to 1983, attachment.

Mr. Ellis

10-4-07
1021
1021

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
## INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

*Staff Copy.*

| Submitted By: | Received By: |
|---|---|
| Inmate's Name (last name first) *William Ellis* | CO's Name & ID Number *COWURST  24  1900  OCT 4* |
| Housing Assignment *G max* | Shift Assignment |

### PART "A" INMATE REQUEST

On tuesday oct the 2nd i made a inguiry With Mrs Riley why was i still recive ing a medication that was Discontinued. she says it warnt. In the medication ledger it verfy's that it was stopped. The other inguiry was if Dr. Warr was aware

Grievant (Inmate) Signature _____

### PART "B" - RESPONSE

10/9/07 - Referred to Medical Dr. Warr, and Nurse Riley - Lt. Hallard.

10/15/07 - Referred to Medical Dr. Warr and Nurse Riley - Pilford - Lt. Hallard Leonard -

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

### PART "C" - RECEIPT

Return To _____ Date _____ Time _____

Submitting Inmate _____ Receiving Shift Supervisor _____

### PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Witness _____ Submitting Inmate _____

### APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal    005

Appeal Received By _____ Date _____ Time _____

Submitted By *William Ellis* _____ Copy Received By _____

See Attachment  PLG-001

That i had my first seizure. I was asked if i told any one. Seems every one but her knows about it. Sgt San Nicolas, officer freem. officer Goodman.

She knows she just dont wont to hear it. Now im refused treat ment until i see mental health.

I submitted 10 pages of informa times, places, events, to Dr. Warr to try and help him understand whats going on. That has been well over a week ago.

The same information was submitted to Mr. Boswell.

So i assume that the regaard for his patients is little. His intrest seem to be that of pleasing Mrs. Riley

Regaardless of this being a Detintion facility, im still a patient as well as an inmate.

Do you just pick up a phone and Call the Doctor and tell him what you wont him to hear. Some one has Cut 2 medications that were giving my Seizures bad problems.

Then i have one, and your not even going to follow up. That is the first thing that should be done.

Dr Warr is not a Neurologiest and when it comes to my seizures has no Way to

Say what is or is not going on in my mind.
I have been under I will respect
Nevrologist and i know the procedure and follow
up that is to occour when i have one.
Under Rule 11, FEDERAL RULES OF Civ
Procedure this along with prior grievance's will
be attached. as part of the record.
These Complaints are well grounded
on medical History and record. Not that of opion
or theroy But plain, facts.


Grievance attachment. Record oo3. Part 1, A
to 1983. attachment.



Mr. Ellis

Appeal Notification, Went to medical 1:00 P.m
to follow up with Dr. warr. So he can tell me
that he made the inquiry with mental health and
i Cant be seen until february and until then Im
Just to be in jail. Until i go to mental health
im not going to be treated. Because he dont want to
make a mistake?
Well there have been so many mistakes
they hardly Can be Counted I dont know what

the Connection is with Tina Riley and Dr. Warr. One thing
I know she Controls Medical. And him.

As far as mistakes, You have a R.N.
writing Down Doctors orders going over Charts. Making Diagnosis
Forging medical ledgers for Prescription Drugs.

If she will go in and Put my Initial
on the medical log for medication. Do you honestly think
she wont make her own decision on treatment. Dr warr
Puts his Signature on what she writes.

What Dr. Warr is doing is a Pure
Violation of his Practice and he knows it. As Part of the
record im writing this appeal for refusal of treatment and
not receiving treatment on this 11th day of October my Vitals
were taken.

As part of this Grievance Procedure and
report a formal Complaint will be made with th U.S.
Department of Health and Human Services. In Atlanta Ga.

A formal Grievance will be filed as
of 10/10/07. against Tina Riley, Dr. Warr.

Punishment? that is when you go to medical
and Deal with these two. Jail is light punisment Compared
to medical.

Dr. warr doesnt wont to give me any
medication because he will have to go by my previous medical
records and what worked so well for me.

So i can only assume all the other doctors i seen were wrong. and the medication that he doesnt agree with but reguardless they work well for me. Because they are Narcotic, Narcotics are a practical part of medicene. An everyday part of life.

This is jail i agree the Criminals are in uniform. I make a dollar the right way and they show thier true side among other things. I have no Complaint to each his own but this is about my health and well being.

Someone needs to ask Dr. Warr to see the 10 pages of information i submitted to him. If i have to start sending my grievances to Mr Boswell i will but this has gone far enough.

I also need my medical records i came in with my own and they are not in my property. I have 2 property slips for those records and i need them to get Copies. They are also my hard copy files.

In short this is a out of Control situation

C/O Hunter
8-12-08
2050

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

*Staff Copy.*

| Submitted By: | Received By: |
|---|---|
| Inmate's Name (last name first) *William Ellis* | CO's Name & ID Number *F. Brown C/642* |
| Housing Assignment *G maf* | Shift Assignment *C-DAY* |

### PART "A" INMATE REQUEST

Thursday June 28TH I had a follow up with Dr. Wan about my back. At this follow up all of my medical is discussed. Dr. Wan and myself speak about the Depression and anxiety in Dealing with

Grievant (Inmate) Signature *William J Ellis Sr*

### PART "B" - RESPONSE

9/14/07 - I Checked With Nurse Pilgrey and also forward this grievance. Form to her to allow Dr. Warr to Read and over view for follow - F. Nailnd -

Copy forward 9/14/07 - to Nurse Riley-Pilgrey & Dr. Warr

| Date of Response | Divisional Grievance Officer | ID Number |
|---|---|---|

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays, of the time/date you acknowledge receipt of this response.

### PART "C" - RECEIPT

Return To ........................................  Date ................  Time ................

Submitting Inmate ................................  Receiving Shift Supervisor ................

### PART "D" - RETURN RECEIPT

Returned To ....................................  Date ................  Time ................

Witness ........................................  Submitting Inmate ................

### APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal

Appeal Received By ............................  Date ................  Time ................

Submitted By ..................................  Copy Received By ................

*Grievance.*

But nothing is done. I have submitted 4 medical request to Mrs Pelfrey. Along with 2 verbal request about this.

Everything through medical is a constant struggle to get anything done. Dr Wars approved me to have some muscle rub for my back and legs. (This was approved on 6-28-07 and i have got 3 trial size packs for my Back.

These walls are Closing in on me i have been here since March 9th. I still dont know anything. No indictment, no paperwork. Last monday my mom had Congestive heart failure. Im asking and have been for help. Im having Crying spells Cold sweats. I've suffered from Chronic Anxiety for years. Then when some body goes off. staff ask "why". Lee County had me in mental health Muscogee County. I served in a mental health prison.

Im trying all i Can to Keep the bad side of me down. It harder every day. Nurse stewart in Lee County spent enough time with me to learn the other side. She went to Dr. McFarland and i was put in mental health

Mrs Palfrey if you havent learned anything about me, 1 thing you know is everything in my medical i have told you is true.

I need some help, there is a lot about me and my past that you dont know. Everyone has thier own Demons to fight. Mine start at the age of 4. And through out my adult life has Continued on.

I Cant escape my past its always there. Always in my memory. The beatings being molested, My father Dying in my arms.

As time goes on it gets worse its a movie that never ends. I know in my back and my Case, I have too much on me.

M. Ellis

# RUSSELL COUNTY SHERIFF'S DEPARTMENT
## CORRECTIONS DIVISION
### INMATE GRIEVANCE FORM

NOTE: All grievances must be completed in ink. If additional pages are needed, plain lined paper may be used

| Submitted By: | Received By: |
|---|---|
| Inmate's Name (last name first) *William Ellis* | CO's Name & ID Number *C/o Hunter* 7-19-07 2055 |
| Housing Assignment *F max* | Shift Assignment |

## PART "A" INMATE REQUEST

*St Dollaw*

Grievant (Inmate) Signature

## PART "B" - RESPONSE

Date of Response _____ Divisional Grievance Officer _____ ID Number _____

NOTE: If you are dissatisfied with this response, you may appeal directly to the Administrator of Corrections. Your appeal must be filed within 72 hours, excluding Saturdays, Sundays, and legal holidays; of the time/date you acknowledge receipt of this response.

## PART "C" - RECEIPT

Return To _____ Date _____ Time _____

Submitting Inmate _____ Receiving Shift Supervisor _____

## PART "D" - RETURN RECEIPT

Returned To _____ Date _____ Time _____

Witness _____ Submitting Inmate _____

## APPEAL NOTIFICATION

I hereby give notice of appeal of the findings of the Divisional grievance Officer. I have attached to this notice of appeal a statement of the basis for my appeal

Appeal Received By _____ Date _____ Time _____

Submitted By _____ Copy Received By _____

Lt (J) olland.

Now i understand why i havent gotten any mail. (F room what i understand Jeff hall is telling you i stole his sisters address?

Let me assure you Lt (J) olland. i didn't steal anything he told me the address to her buismess and if you get copys of them you Know there was nothing to it. I he even wrote him and told him to tell me thank you.

I did a portrait of her grand Kids, When i realized i had the 1 of her neice i gave it to Worst to return to him, And he did.

He asked me not to write her any more and i havent, me and Jeff were suppesed to be friends but i learned my lesson on that. You Can Check the mail log the only mail es to my family.

But all of this is Coming behind Dabid and Tefani I draw portraits and pictures and i thought i was doing him a favor after all the Conflict they had But let me assure you its been over 6 weeks i guess since i wrote her with the portrait of her grand Kid

over. ↪

officer Memo is on leave, what im telling you
no one, i mean no one! knows and could be
a death sentence to me. This father i d et.
Memo of Metro Narcotics in Columbus.

I became a Confidential informant
in 1993, although i haven't been active for some
years the fact that i am is a risk im willing
to take. you and you alone knows this

Memo and Wiggins are pretty
tight if I and I is put together he will tell
every one . .

I have no hard feelings toward
him i just don't need any more problems.

Im already Epileptic one lick
to the Head Could kill me plain and simple
not including My back Which you already Know
about. My mom Can fill you in or My wife

Mom { Glenda Ellis 706 561-7777 disabled Washington
     { Julie Ellis  360 -501 .6516  Washington State

Once you receive this letter and
he gets word of it i need to know that it Can
be taken Care of. Im send ing a Copy to.
my family. Please all this is Very Confidential

Thank ya
William Ellis

P.s. Please Check on my
mail

Lt. Holland.

There is a very serious situation
that staff needs to be aware of. I have no other
recourse but to bring it to your attention.
My self and inmate David Wiggins
have had words in the past while i was in A dorm A mat,
nothing major but enough to keep us from speaking.
I never met him until i came back
here to Russell County. through general Conversation i
find out i knew of him but never met him face to
face.
In that Conversation i find out that
my x (Tifani Schafer keys to persuade him to
Kill me before i get out of prison. That really
didn't bother me until i found out that she is
coming to visit him.
Now all of a sudden the
hate in him has escalated to a very dangerous
point. Last week he gets me over to the window
and tells me he is going to cut my throat if
he gets his hands on me.
Someone facing Capital Murder
or death penalty doesn't have any thing to loose
but i do im trying to get the mess in
in straitend out

Tifani Schafer - riley

not get in any more trouble. I havent been in
any Confrentations or fights at all.
          In 2005 Mrs. Schaffer tried
to get me Charged with aggervated stalking the
Judge dismissed it but the restraing order is in
tact.
          She Knows very, Very! Critical
information about me. We Were Togther for 9 years
and have a son. We do not speak or talk but
her giving him information about me is to much.
          Im not a Violent Person and do
not Wish for this to escalate but i was around him
long enough to Know he will not let it rest.
          My Mother Called down here last night
she hasnt got my mail and i havent got any mail.
          I have told her about some of this
but not all of it she Knows something is wrong
and my wife also Knows all of this in the event
something were to happen.
          I have seen with my own eyes the
thing he Could pull off and please Know if
i have to defend my self i will.
          This is Way out of my League im
not a Snitch inmates will be inmates and as
long as it doesnt affect me i dont Care.

July 2, 2007

Sheriff Tommy Boswell
Russell Co. Sheriff's Department
P. O. Box 640
Phenix City, AL 36868-0640

Dear Sheriff Boswell:

My brother is an inmate at the Russell Co. Jail. He has explained to me how I came to receive the enclosed 2 letters. Copies included. I have the original copies.

I did not respond and do not plan to. However, I expect you or the Jail Personnel to stop these letters. I do not appreciate the fact that someone I do not know is writing me such personal remarks. Nor, do I appreciate the gruesome looking drawings.

I want this stopped immediately. I do understand that Mr. Ellis is no longer in the same location as my brother; but he still has my address.

Please call me immediately upon receipt of this letter and let me know that action is being taken to keep Mr. Ellis from sending any more correspondence to me.

Thank you in advance,

*Linda*

Linda Jarecki
706-569-9938 – day phone

cc:  Meacham, Early & Fowler, Attorneys
     Lt. Holland, Russell Co. Jail

I only now J eff this guy could SELL!

Linda                                    6-17-07

im glad you liked the drawing its always nice to know, that the work wasnt a waste.

I'm sending a portrait of your granddaughter and your neice. These are the hardest to do because i only do them in pen and 1 mistake and you have to start all over. The satisfaction is knowing it came from the heart and you cant get them anywhere else.

**DID NOT SEND HIM Photo!** Only problem was you cheated and didnt send a picture of you large enough for me to see. The one you did send you look great in. I just need to be able to see it a little closer.

Building Computers has ruined my eyes . . . . did i forget that part? yes my apology . . . um . . , lets see . . . from the start will. Thats what everyone calls me im 37 and happy fathers day to me! . . . smile please . . . thank you

I'm here cause i didnt call 911 to my house now . . . youll love this . . Attempted murder. Jeff isn't the only one they are trying to railroad. Anyway Jeff is blessed to have a sister that looks out for him. And we all know how stubborn he can be ☺ dont tell him, he agrees to it.

Moving right along im also enclosing a picture of me. Its always nice to put a name with a face.

So atleast you know who your speaking with. I live right over where your shop is. Down by the Car wash on warm springs ... did i forget anything? ... not for the most part and yes im always Cutting up.

I love to see people smile, so i hope to at least get a letter from you after all this work! im joking ☺☺ Smile

I'll Close for now, Keep your eyes bright and your spirit full you never know who's life you might touch.

Be Forever Sweet!

Will



P.S. Sorry the portraits are not my best, but my pen is bleeding but i think they'll Do!

Be good!

W. ll



# Exhibit O

Affidavit of Loetta Holland

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LANIER ELLIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:08-cv-55-WKW-SRW |
| | ) | |
| TOMMY BOSWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF LOETTA HOLLAND

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF RUSSELL | ) |

1.  My name is Loetta Holland. I am over the age of nineteen years and am competent to execute this affidavit, which is based on my personal knowledge, training and experience.

2.  I am a Lieutenant and the Jail Administrator of the Russell County Jail, Russell County, Alabama, and was employed in that position at all times relevant to Plaintiff's Complaint.

3.  I have reviewed the Plaintiff's Complaint filed in this matter. I have no personal knowledge of the facts stated in the Complaint. I did not become aware of the allegations made the basis of the Plaintiff's Complaint until I was served with it.

4.  It is and has been the policy of the Russell County Jail that inmates be allowed outdoor recreation time when weather and security conditions permit.

5.  Most inmates are allowed indoor recreation time in the day rooms every day, except when they are placed on lock-down or in administrative segregation.

6.    It is and has been the policy of the Russell County Sheriff's Office that members of the Jail staff receive and answer inmate grievances, and if an officer cannot answer an inmate's grievance, it is forwarded to the Jail Administrator for a response.

7.    Forms on which grievances may be related to the Jail staff are readily available in the Jail. Inmates are furnished these grievance forms upon request. Copies of all completed grievances and request forms are placed in an inmate's Jail file.

8.    The Plaintiff has failed to file a grievance form regarding any claim alleged in his Complaint.

9.    It is and has been the policy of the Russell County Sheriff's Office that all inmates confined in the Russell County Jail are entitled to medical services as circumstances dictated and as deemed necessary by the nurses on call or the visiting physician for maintaining their physical and mental health. All inmates incarcerated in the Russell County Jail may request health care services at any time.

10.    It is and has been the policy of the Russell County Sheriff's Office that no member of the jail staff, or other Sheriff's Office employee, could ever summarily or arbitrarily deny an inmate's reasonable request for medical services. All judgments regarding the necessity of medical treatment are left to a licensed health care practitioner.

11.    The Russell County Jail employs a full-time Licensed Practical Nurse, Nurse Riley-Pelfrey, and Dr. Warr, who visits the Jail twice a week for inmate sick call.

12.    The Plaintiff has filed numerous medical requests, mostly for pain medication, and each has received a response, either verbal or written.

13.    The Plaintiff has never been denied medical care during his incarceration at the Russell County Jail.

2

7.    I certify and state that the documents provided to the Court which are attached to the Defendants' Special Report are true and correct copies of the Plaintiff's inmate and health records kept at the Russell County Jail in the regular course of business.

8.    I affirm, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

_____
Loetta Holland

**SWORN TO** and **SUBSCRIBED** before me this _3/_ day of March, 2008.

_____
NOTARY PUBLIC
My Commission Expires MY COMMISSION EXPIRES JANURARY 11, 2012

# Exhibit P

Affidavit of Thomas F. Boswell

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM LANIER ELLIS, SR.,               )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )  CIVIL ACTION NO.: 3:08-cv-55-WKW-SRW
                                         )
TOMMY BOSWELL,                           )
                                         )
    Defendant.                           )

## AFFIDAVIT OF THOMAS F. BOSWELL

STATE OF ALABAMA            )
                           )
COUNTY OF RUSSELL           )

    1.    My name is Thomas F. Boswell. I am over the age of nineteen and am competent to execute this affidavit. This affidavit is based on my personal knowledge, training and experience.

    2.    I am the duly-elected Sheriff of Russell County, Alabama, and was the duly-elected Sheriff of Russell County at all times relevant to Plaintiff's Complaint.

    3.    I am familiar with the Plaintiff, William Ellis, because he has been incarcerated in the Russell County Jail since October 2006.

    4.    I have reviewed the Plaintiff's Complaint filed in this matter. I have no personal knowledge of the facts stated in the Complaint. I did not become aware of the allegations made the basis of the Plaintiff's Complaint until I was served with it.

5.    It is and has been the policy of the Russell County Jail that inmates be allowed outdoor recreation time when weather and security conditions permit.

6.    Most inmates are allowed indoor recreation time in the day rooms every day, except when they are placed on lock-down or in administrative segregation.

7.    It is and has been the policy of the Russell County Sheriff's Office that members of the Jail staff receive and answer inmate grievances, and if an officer cannot answer an inmate's grievance, it is forwarded to the Jail Administrator for a response.

8.    Forms on which grievances may be related to the Jail staff are readily available in the Jail. Inmates are furnished these grievance forms upon request. Copies of all completed grievances and request forms are placed in an inmate's Jail file.

9.    It is and has been the policy of the Russell County Sheriff's Office that all inmates confined in the Russell County Jail are entitled to medical services as circumstances dictated and as deemed necessary by the nurses on call or the visiting physician for maintaining their physical and mental health. All inmates incarcerated in the Russell County Jail could request health care services at any time.

10.    It is and has been the policy of the Russell County Sheriff's Office that no member of the jail staff, or other Sheriff's Office employee, could ever summarily or arbitrarily deny an inmate's reasonable request for medical services. All judgments regarding the necessity of medical treatment were left to a licensed health care practitioner.

11.    I am not personally involved in the day-to-day operations of the jail. I have delegated that power and authority to the Jail Administrator.

2

12.    I affirm, to the best of my present knowledge and information, that the above statements are true, that I am competent to make this affidavit, and that the above statements were made by drawing from my personal knowledge of the situation.

Thomas F. Boswell

**SWORN TO** and **SUBSCRIBED** before me this _3/_ day of March, 2008.

NOTARY PUBLIC
My Commission Expires: MY COMMISSION EXPIRES JANUARY 11, 2012

3