IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM LANIER ELLIS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:08-CV-55-WKW |
| ) | [WO] |
| ) | |
| TOMMY BOSWELL, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, William Lanier Ellis ["Ellis"], a county inmate, challenges the dental, optical and mental health treatment provided to him during his confinement in the Russell County Jail. Ellis also complains he has been denied adequate outside exercise. He seeks declaratory, injunctive and monetary relief for the alleged violations of his constitutional rights.

Pursuant to the orders of this court, the defendant filed a written report and supporting evidentiary materials addressing the plaintiff's claims for relief. In this report, the defendant asserts this case is due to be dismissed because Ellis failed to exhaust an administrative remedy available to him at the jail as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, the defendant maintains and the undisputed evidentiary materials demonstrate that, with respect to the claims presented in the instant complaint, Ellis failed to exhaust the administrative remedies available to him

at the Russell County Jail via the jail's inmate grievance procedure, as he failed to file "any grievance regarding his treatment for mental health, dental, or optical conditions, nor has he filed any grievance regarding his recreation time." *Defendant's Special Report - Court Doc. No. 10* at 7.

Upon review of the defendant's special report, the court entered an order allowing Ellis an opportunity to file a response to the arguments contained in such report. *Order of April 1, 2008 - Court Doc. No. 12*. However, Ellis filed nothing in response to this order.

In accordance with the order entered on April 1, 2008, the court deems it appropriate to treat the defendant's special report as a motion for summary judgment. Thus, this case is now pending before the court on the defendant's motion for summary judgment. Upon consideration of such motion and the evidentiary materials filed in support thereof, the court concludes that the defendant's motion for summary judgment is due to be granted and this case dismissed without prejudice as the plaintiff failed to exhaust an available administrative remedy.

## I. STANDARD OF REVIEW

To survive the defendant's properly supported motion for summary judgment, Ellis is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine

issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the

material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, Ellis has failed to demonstrate that there are any genuine issues of material fact with respect to his exhaustion of an available administrative remedy in order to preclude summary judgment in favor of the defendant.

## II. DISCUSSION

Ellis challenges the conditions of confinement at the Russell County Jail. In response to the claims presented in the complaint, the defendant argues that this case should be dismissed because Ellis failed to exhaust his administrative remedies as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander* v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, ____, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at ___, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an agency's

5

deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at ____, 126 S.Ct. at 2386-2387.  The Court reasoned that because "proper exhaustion of administrative remedies is necessary[]" an inmate cannot "satisfy the exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at ____, 126 S.Ct. at 2382, 2390.

The undisputed record in this case establishes that the Russell County Jail provides a grievance procedure for inmate complaints.  The evidentiary materials submitted by the defendants demonstrate that Ellis failed to file a grievance with respect to the actions about which he complains in the instant complaint.  Ellis does not dispute his failure to exhaust an available administrative remedy.  The court therefore concludes that the claims for relief presented in this cause of action are subject to dismissal as the plaintiff has not yet exhausted an available administrative remedy.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be granted to the extent that the defendant seeks dismissal of this case due to the plaintiff's failure to exhaust an available administrative remedy.

2. This case be dismissed without prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Russell County Jail.

It is further

ORDERED that on or before June 13, 2008 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of June, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE